■ SHELDON BEIL, Appellant, v CERTILMAN, BALIN, ADLER & HYMAN et al., Respondents.—In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered June 22, 1990, as granted the defendants' motion for summary judgment dismissing the complaint, and (2) from an order of the same court, entered August 28, 1990, which denied his motion for renewal and reargument.

Ordered that the order entered June 22, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order entered August 28, 1990, is dismissed as abandoned; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiff contracted to buy a home from the defendant Darren Equities, Ltd. The contract provided that written objection to title must be made "at least ten (10) days prior to closing". The plaintiff did not provide his objection to title until long after he received his title report from Metropolitan Abstract Corporation, which advised him of the alleged defective title, and after he had failed to appear at several scheduled closings. He thus failed to comply with his contractual obligation to give notice of the alleged defect in title. Moreover, the plaintiff failed to produce a copy of the report upon which he relies. Furthermore, there is no basis to support the plaintiff's claim that his failure to make a timely protest was occasioned by fraud or misrepresentation on the part of the defendants.

The court properly dismissed the plaintiff's cause of action to recover damages for breach of contract based on his inability to obtain financing. The contract entered into by the plaintiff stated that the plaintiff's obligation to close was not dependent on his ability to obtain financing. Sullivan, J. P., Harwood, Rosenblatt and Copertino, JJ., concur.