■ CHRISTOPHER CASEY, Respondent, v JOHN SLATTERY et al., Appellants. [623 NYS2d 942] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered April 2, 1993 in Rockland County, which granted plaintiff's motion to set aside a verdict on the issue of damages, and granted a new trial.

At the conclusion of the trial of this automobile negligence action, the jury returned a verdict in favor of plaintiff awarding him $63,000 for past pain and suffering and $12,000 for future pain and suffering over the next 50 years. It then proceeded to reduce its award by $5,000 due to plaintiff's failure to wear a seatbelt. Plaintiff's counsel reacted by orally moving to set the verdict aside, contending that the award of damages was insufficient.* Supreme Court denied the motion.

Four months after the rendition of the verdict, plaintiff brought on a written motion before Supreme Court to set the verdict aside. In their opposing papers, defendants pointed out

---

* We strongly reprove Jeffrey Adams, Plaintiff's counsel, for the belittling remark he directed to the jury following the rendition of its verdict.

that the motion was untimely under CPLR 4405. Plaintiff then recast the motion as one to reargue his previously denied oral motion. Supreme Court rejected defendants' argument of untimeliness and found the verdict, insofar as it related to the award of damages, to be against the weight of the evidence. Accordingly, the court set the verdict aside and directed a new trial on the issue of damages. Defendants appeal.

In addition to making an oral motion immediately after the rendition of the verdict, a litigant, within 15 days of the date of the verdict, may make a written motion for such relief (CPLR 4405, 4406). A litigant's failure to timely move is not necessarily fatal if the litigant can establish "good cause" for the delay (CPLR 2004; see, Pioli v Morgan Guar. Trust Co., 199 AD2d 144, 148).

In this instance, Supreme Court abused its discretion in overlooking plaintiff's delay since he failed to offer any explanation for his substantial delay (see, Tesciuba v Cataldo, 189 AD2d 655, lv dismissed 82 NY2d 846). Moreover, it should not have accepted plaintiff's characterization of his motion as one for reargument since it was an obvious artifice designed to evade the time limitation of CPLR 4405 (see, De Blasio v Volkswagen of Am., 124 Misc 2d 726). Additionally, such maneuver was not in accord with the procedure set forth in CPLR 4406. Accordingly, we reverse and reinstate the verdict.

Were we to reach the merits, our determination would be the same since, in our opinion, Supreme Court abused its discretion in setting the verdict aside. The principal argument plaintiff advanced in support of his position that the jury's damage award was insufficient is that it does not adequately reflect the serious head injury he sustained, which has left him with ongoing mental and psychological problems. While plaintiff's expert testified that plaintiff sustained a skull fracture, two CT scan reports in evidence describe the fracture as "not well defined" and state that the "examination of the bone windows shows no definite fracture". There is proof that plaintiff suffered short-term memory loss; however, the record shows that when he returned to college after the accident his grades improved and he was able to graduate and go on to graduate school. The record further shows that, after he left graduate school, he secured employment in the computer field. Although plaintiff claims his employment was terminated as the result of his memory and cognitive defects, there was evidence showing that he lost his job due to personal failings and the fact that he was unqualified.

Viewing this evidence in the light most favorable to defen-

dants, as we must, and according due deference to the jury's assessment of the conflicting evidence and the credibility of witnesses, we find that the jury's conclusion, as reflected in its award of damages, that plaintiff's brain injury was not as severe as he maintains is not utterly irrational (see, Campbell v City of Elmira, 198 AD2d 736, affd 84 NY2d 505). Likewise, given the evidence that plaintiff only sustained a 5 to 10-degree loss of extension in his ring and little finger of his right hand without any loss of function and power to grasp with that hand, the jury could rationally conclude that plaintiff's hand injury did not warrant a substantial award of damages for future pain and suffering.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and verdict reinstated.