■ In the Matter of ROCK CHURCH, INC., Respondent, v JAMES MILANI et al., Appellants. [682 NYS2d 196] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered September 23, 1997, which granted petitioner's motion for the return by respondents Toth and Milani of records removed from petitioner's premises, and for the turn over by respondent Daniel Aharoni, Esq. of $90,000 in escrowed church funds deposited with him, less any amounts shown by an accounting to have been expended from that fund for petitioner's day-to-day administration, and which denied respondents' cross motion for a preliminary injunction and related relief restoring respondents Milani and Toth to petitioner's Board of Trustees, unanimously affirmed, without costs. Appeal from the decision, same court and Justice, underlying the September 23, 1997 order, and from the order, same court and Justice, entered October 31, 1997, denying their motion for reargument, unanimously dismissed, without costs, as taken from nonappealable papers.

We agree with Supreme Court that the special meeting of petitioner's membership held on April 7, 1997 was properly called. The record reveals that there were written requests for such a meeting signed by at least ten members predating the notice of the meeting, and that that notice, which referred to a previous meeting at which a motion to dismiss the pastor had been defeated, and which stated that the "conduct of the Board of Trustees" was on the agenda, sufficiently apprised the members of the business to be transacted (Religious Corporations Law § 163). Accordingly, since the April 7, 1997 meeting was not affected by any of the infirmities claimed by respondents, the actions taken at the meeting, including the removal of respondents Milani and Toth as trustees, were validly accomplished, and Milani and Toth, having been so removed, thereafter had no authority to remove church records or to turn over $90,000 in church funds to respondent Aharoni. Moreover, even if, as urged by respondents, the Board of Trustees had previously authorized the retainer of Aharoni and the establishment of an "unlimited" legal defense fund, that action would have been invalid as the Board had no authority to incur debts beyond those necessary for the administration of the church without approval of the membership (Religious Corporations Law § 169).

Supreme Court properly ordered the turnover of the $90,000 in escrowed church funds less amounts expended for the day-to-day administration of the church. When Aharoni received the funds "for the sole and express purpose of segregating and preserving [them] in escrow only", he was aware that Toth and Milani's authority as trustees was disputed. He cannot now claim a right to be paid from those funds for legal services rendered at the direction of Toth or Milani (*see, Krehel v Eastern Orthodox Catholic Church*, 22 Misc 2d 522, *affd* 12 AD2d 465, *affd* 10 NY2d 831). Concur—Lerner, P. J., Wallach, Tom and Andrias, JJ.