■ C. Douglas Dimon, Respondent, v Regine Starr et al., Appellants. [749 NYS2d 78] —In an action, inter alia, for specific performance of a contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), entered December 26, 2000, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

The Supreme Court erred in finding that the agreement, which gave the plaintiff a future right to receive additional compensation for the sale of his interest in certain real property, was enforceable. Although the agreement does not violate the rule against perpetuities' prohibition against suspension of the power of alienation (see EPTL 9-1.1 [a] [2]) because at all times the plaintiff or his assigns and the defendants or those taking from them could have acted together and conveyed a fee absolute in the defendants' parcel (see *Buffalo Seminary v McCarthy,* 86 AD2d 435, 438-439), it violates the rule against perpetuities' prohibition against remoteness of vesting (see EPTL 9-1.1 [b]). The agreement uses the terminology "successors, heirs or assigns," and there is no time limitation on the duration of the agreement, which leads to the conclusion that the parties intended the plaintiff's future right to last indefinitely (see *Symphony Space v Pergola Props.,* 88 NY2d 466; *Morrison v Piper,* 77 NY2d 165; *Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156). Therefore, the plaintiff's

motion for summary judgment is denied and the defendants' cross motion for summary judgment dismissing the complaint is granted. S. Miller, J.P., Krausman, H. Miller and Adams, JJ., concur.