■ Richard E. Barnes et al., Respondents, v Oceanus Navigation Corporation, Ltd., Appellant. [800 NYS2d 850]—In an action, inter alia, to determine the right, title, and interest to certain real property, the defendant appeals from (1) a decision of the Supreme Court, Westchester County (Murphy, J.), entered March 11, 2003, and (2) a judgment of the same court dated July 15, 2003, which, after a nonjury trial, directed the defendant to transfer title to the certain real property to the plaintiffs.

In an action, inter alia, to determine the right, title, and interest to certain real property, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Murphy, J.), entered February 27, 2004, which granted the defendant's motion pursuant to CPLR 4404 (b), vacated a judgment of the same court dated July 15, 2003, and is in favor of the defendant and against them.

Ordered that the order and judgment is affirmed, with costs.

Prior to a nonjury trial, the parties entered into a stipulation in which they agreed, inter alia, on the following facts. Pursuant to a contract dated June 2, 1976, between Carl E. Barnes (hereinafter the seller) and the defendant (hereinafter the buyer), the seller agreed to convey 100.7 acres of property to the buyer. For an annual payment of $100, the seller was granted an exclusive easement over a 10.4-acre parcel thereof known as "parcel B." Further, the contract provided that at any time after two years of the contract date, either party "or his heirs, successors or assigns" could, for $100 consideration, cancel the easement and the seller could repurchase parcel B (hereinafter the repurchase option). In August 1976 the seller delivered a deed which omitted any reference to the repurchase option.

Between 1976 and 1999, the seller enjoyed his easement over parcel B, although he never paid the $100 annual payment, and the defendant did not demand that payment. In 1998 and 1999 the seller purported to exercise the repurchase option, but the defendant refused to honor it, arguing that the seller had no rights under the contract to repurchase parcel B. The seller died in November 1999 and the plaintiffs, as his successors, brought this action, inter alia, to determine the right, title, and interest to parcel B.

After a trial on these stipulated facts, the court issued a judgment dated July 15, 2003, enforcing the repurchase option.

The defendant made an untimely motion pursuant to CPLR

4404 (b). Several months thereafter, on an adjourned date of the motion, the defendant raised for the first time the argument that the repurchase option was void ab initio for violating the bar against remote vesting set forth in the rule against perpetuities (*see* EPTL 9-1.1 [b]). The Supreme Court granted the untimely motion because the rule against perpetuities concerns a matter of public policy. The court found that the repurchase option violated the rule against perpetuities, vacated its earlier judgment, and awarded judgment in the defendant's favor.

We agree with the Supreme Court that the defendant's untimely motion pursuant to CPLR 4404 (b) merited consideration under the court's inherent power to set aside its decision for an overriding and persuasive reason (*cf. Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). Such a reason was presented by the defendant's argument that the repurchase option was void ab initio under the rule against perpetuities (*see* EPTL 9-1.1 [b]) and raised an issue of public policy (*see Symphony Space v Pergola Props.*, 88 NY2d 466, 476, 485 [1996]).

EPTL 9-1.1 (b), which prohibits remote vesting, applies to options (*see Symphony Space v Pergola Props., supra* at 477; *Wildenstein & Co. v Wallis*, 79 NY2d 641, 648 [1992]; *Buffalo Seminary v McCarthy*, 86 AD2d 435 [1982], *affd for reasons stated in parts I and II of op below* 58 NY2d 867 [1983]). EPTL 9-1.1 (b) invalidates the repurchase option in the case at bar because it granted the seller, "or his heirs, successors or assigns" the power to repurchase parcel B for nominal consideration well below the market value (*Symphony Space v Pergola Props., supra* at 479).

Further, the so-called saving statute, EPTL 9-1.3, is ineffective to save the repurchase option from invalidation under the rule against perpetuities. The plain language of the repurchase option states that Carl E. Barnes "or his heirs, successors or assigns" may exercise the option. It does not contain any time limitation restricting the seller's right to repurchase parcel B. As such, the repurchase option clearly evinces the parties' intent that the repurchase option be of indefinite duration. Thus, it cannot be saved by EPTL 9-1.3 (*see Symphony Space v Pergola Props., supra* at 483; *Buffalo Seminary v McCarthy, supra; Dimon v Starr*, 299 AD2d 313 [2002]).

The plaintiffs' remaining contentions are without merit. Crane, J.P., Santucci, Luciano and Skelos, JJ., concur.