■ ROSE ARROYO, Appellant, v ANTONIOS FEGGOUDAKIS et al., Respondent. [800 NYS2d 846]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Glover, J.), dated January 23, 2002, which denied her motion for leave to enter a judgment upon the defendants' default in answering, and granted the defendants' cross motion to extend their time to answer and to compel her to accept their late answer.

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a judgment upon the defendants' default in answering and granting the defendants' cross motion to extend their time to answer and to compel the plaintiff to accept their late answer (*see Fidelity & Deposit Co. of Md. v Andersen & Co.*, 60 NY2d 693, 695 [1983]). Florio, J.P., Crane, Krausman, Rivera and Fisher, JJ., concur.

■ RICHARD E. BARNES et al., Respondents, v OCEANUS NAVIGATION CORPORATION, LTD., Appellant. [800 NYS2d 850]—In an action, inter alia, to determine the right, title, and interest to certain real property, the defendant appeals from (1) a decision of the Supreme Court, Westchester County (Murphy, J.), entered March 11, 2003, and (2) a judgment of the same court dated July 15, 2003, which, after a nonjury trial, directed the defendant to transfer title to the certain real property to the plaintiffs.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the judgment dated July 15, 2003, is dismissed as academic, without costs or disbursements, as that judgment was vacated by an order and judgment (one paper) of the same court entered February 27, 2004 (*see Barnes v Oceanus Nav. Corp., Ltd.*, 21 AD3d 975 [2005] [decided herewith]). Crane, J.P., Santucci, Luciano and Skelos, JJ., concur.