■ TRUSTEES OF GALLILEE PENTECOSTAL CHURCH, INC., Appellant, v FRANCES J. WILLIAMS et al., Respondents. [885 NYS2d 525]—

In an action, inter alia, for a judgment declaring, among other things, that certain persons are the trustees and members of Gallilee Pentecostal Church, Inc., and that a certain meeting held on August 29, 2006 was a nullity, the plaintiff appeals from (1) a decision of the Supreme Court, Dutchess County (Brands, J.), dated November 26, 2007, made after a nonjury trial, and (2) a judgment of the same court entered January 11, 2008, which, upon the decision, is in favor of the defendants and against it dismissing the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof dismissing so much of the complaint as sought a judgment declaring that the meeting held on August 29, 2006 was a nullity, and substituting therefor a provision declaring that the meeting held on August 29, 2006 was a nullity, (2) by deleting the provision thereof dismissing so much of the complaint as sought a judgment declaring that certain persons are the trustees and members of

Gallilee Pentecostal Church, Inc., and substituting therefor a provision declaring that Henderson Murphy and Lottie Carey are trustees of Gallilee Pentecostal Church, Inc., and (3) by adding a provision thereto enjoining the defendants from exercising any authority or control over the temporalities and property of Gallilee Pentecostal Church, Inc.; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The individuals involved in this dispute are associated with the Gallilee Pentecostal Church, Inc. (hereinafter the Church), located in Poughkeepsie, New York, which was incorporated under article 8 of the Religious Corporations Law in 1983. The Church became embroiled in turmoil that has continued throughout the years. While the defendant Frances J. Williams asserts that she has always been pastor of the Church, other members of the Church, including those who brought this action as the plaintiff, Trustees of Gallilee Pentecostal Church, Inc. (hereinafter the Trustees), claim that she has never been voted in by the Church members as pastor, and assert that, in fact, the membership has voted at least twice to declare that she is not the pastor of the Church.

When the Church incorporated, six people, including Henderson Murphy and Lottie Carey, two of the three alleged Trustees, were named as trustees of the Church. Although the certificate of incorporation and the Religious Corporations Law call for staggered annual elections of trustees (see Religious Corporations Law §§ 161, 163), it is undisputed that no elections were held subsequent to the meeting for incorporation until the August 29, 2006 meeting which is in dispute. In addition, four of the six original trustees have died.

On August 15, 2006, at the request of Williams, the defendant Dena Bellamy sent an "interoffice memo" to 30 people whom Williams named as members of the Church. The memo stated that a meeting would be held on August 29, 2006, in the presence of a mediator, in order for the members to "voice their opinions and be heard," to "[set] up offices," and to hold an election for those offices. The memo was labeled "[c]onfidential." Bellamy testified at trial that she did not consult the secretary of the Church for a list of members, and no notice of the meeting was read from the pulpit or posted on the Church door.

Some of the members of the Church, including the Trustees, refused to recognize Williams's authority to call the meeting, and did not attend. Seventeen alleged members attended the meeting, and purported to elect Williams as pastor of the Church and as a trustee, as well as the defendant Barbara Williams-Mahmood as another trustee.

The Trustees thereafter commenced this action seeking: (1) a judgment declaring that certain persons are the trustees and members of the Church, and that the August 29, 2006 meeting was a nullity because it was not properly noticed and the majority of the people voting thereat were not members of the Church; (2) a permanent injunction barring the defendants from exercising any authority or control over the Church's property and affairs; and (3) an accounting of any and all funds received by the Church during the relevant period. After a nonjury trial, the Supreme Court concluded that there was insufficient evidence to determine the matters raised in the complaint and, therefore, dismissed the complaint. We modify.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]; *see Vizzari v Hernandez*, 1 AD3d 431, 431-432 [2003]).

Ministers of any Church incorporated under article 8 of the Religious Corporations Law "shall be called, settled or removed . . . only by the vote of a majority of the members of such corporation duly qualified to vote at elections . . . at a meeting of such corporation specially called for that purpose" (Religious Corporations Law § 170; *see Matter of Rock Church v Milani*, 256 AD2d 255, 256 [1998]). Successors to those trustees whose terms of office have expired "shall be elected by ballot from the qualified voters" at each annual corporate meeting (Religious Corporations Law § 164). Notice for either meeting is required to be publicly read at a regular meeting of the Church for public worship, on the two successive Sundays immediately preceding such meeting (Religious Corporations Law § 163). Since the trial testimony established that no such notice was given here, the purported meeting was invalid, rendering "the election void" (*Matter of Goldfield Corp. v General Host Corp.*, 29 NY2d 264, 269 [1971]; *see Board of Mgrs. of Park Regent Condominium v Park Regent Unit Owners Assoc.*, 58 AD3d 589, 591 [2009]; *Matter of Stile v Antico*, 272 AD2d 403, 404 [2000]; *cf. Matter of Rock Church v Milani*, 256 AD2d at 256).

The persons stated to be the elected trustees in the certificate of incorporation "shall be the trustees thereof for the terms for which they were respectively elected and until their respective successors shall be elected" (Religious Corporations Law § 162).

Since no successors have been elected, only the current trustees, Henderson Murphy and Lottie Carey, continue to serve as holdover trustees of the Church until such time as a special meeting is duly noticed and their successors are elected (*see Matter of Rye Psychiatric Hosp. Ctr.*, 101 AD2d 309, 317 [1984], *revd on other grounds* 66 NY2d 333 [1985]). Accordingly, since this is, in part, a declaratory judgment action, the judgment should have included an appropriate declaration in favor of the plaintiff with respect to so much of the complaint as sought a judgment declaring that the meeting held on August 29, 2006 was a nullity, and that Henderson Murphy and Lottie Carey are trustees of the Church (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

In light of this determination, we also enjoin the defendants from exercising any authority or control over the Church's temporalities and property, since they are not duly-elected Church trustees or officers pursuant to Religious Corporations Law § 5, which states that only "[t]he trustees of a every religious corporation shall have the custody and control of all the temporalities and property, real and personal, belonging to the corporation and of the revenues therefrom" (*see Morris v Scribner*, 69 NY2d 418, 424 [1987]).

The Trustees, however, failed to prove, by a preponderance of the evidence, which persons were qualified to vote at corporate meetings, or the Church's membership criteria. Article 8 of the Religious Corporations Law limits those qualified to vote at a corporate meeting of a church incorporated thereunder to "all persons who are then members in good and regular standing of such church by admission into full communion or membership therewith in accordance with the by-laws thereof" (Religious Corporations Law § 164). The bylaws the Trustees produced at trial were silent on the issue of how a person becomes a member of the Church. Moreover, while the Trustees asserted that *membership could be obtained only after a person receives ap-proval by a majority of the existing members*, documents the Trustees submitted at trial contradicted this assertion. The Trustees claimed that only nine persons were "true" members of the Church. However, minutes maintained by the Trustees from two purported business meetings named 12 people as members eligible to attend the meetings. The Trustees, therefore, were not entitled to the relief sought with respect to the members.

Moreover, the Trustees failed to meet their burden of proving at trial their entitlement to an accounting by the defendants

(*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 22-23 [2008]; *LoGerfo v Trustees of Columbia Univ. in City of N.Y.*, 35 AD3d 395, 397 [2006]; *Palazzo v Palazzo*, 121 AD2d 261, 265 [1986]). Dillon, J.P., Florio, Balkin and Austin, JJ., concur.