■ VENETOKLIS FAMILY LIMITED PARTNERSHIP, Appellant, v KORA DEVELOPERS, LLC, Respondent. [902 NYS2d 665]—

In an action to retain a down payment as liquidated damages for breach of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated September 30, 2009, which denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

The plaintiff (hereinafter the seller) contracted with the defendant (hereinafter the purchaser) to convey real property known as 1821 Emmons Avenue in Brooklyn (hereinafter the property) for a purchase price of $21 million. Prior to signing the contract of sale (hereinafter the contract), the seller provided the purchaser with a title report, and the purchaser obtained its own title report with a survey, all of which revealed a permanent easement for sewer pipes. The purchaser also obtained a certificate of title insurance which excepted from coverage any loss or damage due to the sewer easement.

Under the terms of the parties' contract, the seller agreed to convey both insurable and marketable title, subject to certain exceptions which are not at issue here. The purchaser was required to notify the seller of its objections to defects in title within 10 days of receipt of any title report, and any objection to title not so noticed was deemed waived. The written notice triggered a 30-day period for the seller to cure the defect, and in the event of the seller's inability to cure, the purchaser could elect either to terminate the contract and recover the down payment or accept title subject to the defect.

The purchaser supplied the seller with a written notice of its objections to certain title defects which were excepted from coverage by the purchaser's title insurance company, but did not include in the written notice any mention of the exception for the sewer easement. Nearly 10 months after the purchaser had received the report and survey from its title company, while planning the design of a proposed multi-use building on the property, the purchaser's architect discovered the permanent easement and informed the purchaser that designing the project to allow access to the easement area would add significantly and prohibitively to construction costs. The purchaser informed the seller that it deemed the easement to be an incurable defect which rendered title unmarketable. Thereafter, the seller succeeded in removing the easement as an exception to the purchaser's title insurance, but the purchaser was not satisfied that title to the property was marketable and refused to close.

The seller commenced this action to retain the $2.1 million down payment deposited in escrow as liquidated damages for the purchaser's breach. The seller moved for summary judgment on the complaint, and the Supreme Court denied the motion, rejecting the seller's contention that the purchaser had effectively waived its objections to the title defect and finding a triable issue of fact as to whether the seller could provide marketable title to the property. We reverse.

Generally, parties to a contract for the sale of real property, like signatories of any agreement, are free to tailor their contract to meet their particular needs and to include or exclude those provisions which they choose. Absent some indicia of fraud or other circumstances warranting equitable intervention, it is the duty of a court to enforce rather than reform the bargain struck (see Grace v Nappa, 46 NY2d 560, 565 [1979]). Here, the parties agreed that any title defect for which the purchaser failed to give written notice of objection within the time required by the contract would be deemed waived. It is undisputed that the purchaser was aware of the subject easement prior to sign-

ing the contract and failed to give written notice of its objection to the defect in title within the time specified in the contract, and that the only written notice of objections given by the purchaser failed to raise an objection to the easement. Accordingly, the purchaser waived its right to object to the title defect (*see Weintraub v Stankovic*, 43 AD3d 543 [2007]; *Beil v Certilman, Balin, Adler & Hyman*, 182 AD2d 737 [1992]; *cf. Anderson v Meador*, 56 AD3d 1030 [2008]).

The seller made a prima facie showing of entitlement to judgment as a matter of law with evidence that, given the purchaser's waiver of any objection to the easement, it tendered marketable and insurable title subject to that waived exception, and the purchaser breached the contract by refusing to close (*see Stenda Realty, LLC v Kornman*, 67 AD3d 996, 999 [2009]). In opposition, the purchaser failed to raise a triable issue as to whether it had so breached the contract. Accordingly, the seller was entitled to retain the down payment as liquidated damages under the terms of the contract.

The seller's remaining contentions need not be reached in light of our determination. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.