■ J. D'ADDARIO & COMPANY, INC., Appellant, v EMBASSY INDUSTRIES, INC., Respondent. [921 NYS2d 550]—

In an action for the return of a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Emerson, J.), dated January 11, 2010, which, upon a decision

of the same court dated October 28, 2009, made after a nonjury trial, is in favor of the defendant and against it in the principal sum of $650,000, plus prejudgment interest in the sum of $224,538.27 and costs in the sum of $2,868.50, and (2) an order of the same court dated May 26, 2010, which denied its motion, in effect, pursuant to CPLR 4404 (b) to set aside stated portions of the decision and, in effect, to vacate stated portions of the judgment.

Ordered that the appeal from so much of the judgment as awarded prejudgment interest in the sum of $224,538.27 is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order; and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the plaintiff's motion is granted, so much of the decision as awarded interest from July 31, 2006, is set aside, so much of the judgment as awarded prejudgment interest in the sum of $224,538.27 is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.

Where a nonjury trial is involved, this Court's power to review the evidence "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 134 [1930]; *see Trustees of Gallilee Pentecostal Church, Inc. v Williams*, 65 AD3d 1221 [2009]; *Aviation Constructors, Inc. v Baldassano Architectural Group, P.C.*, 57 AD3d 927 [2008]). Exercising that power, we agree with the determination of the trial court that the plaintiff breached the subject contract of sale by failing to attend the properly scheduled time of the essence closing (*see Decatur [2004] Realty, LLC v Cruz*, 73 AD3d 970 [2010]; *Willsey v Gjuraj*, 65 AD3d 1228 [2009]; *New Colony Homes, Inc. v Long Is. Prop. Group, LLC*, 21 AD3d 1072 [2005]; *Zelmanovitch v Ramos*, 299 AD2d 353 [2002]). Accordingly, the defendant was entitled to retain the down payment as liquidated damages under the terms of the contract (*see Venetoklis Family L.P. v Kora Devs., LLC*, 74 AD3d 1057 [2010]; *Stenda Realty, LLC v Kornman*, 67 AD3d 996 [2009]).

However, under the circumstances presented herein, the Supreme Court improvidently exercised its discretion in awarding statutory prejudgment interest to the defendant (*see generally* CPLR 5001 [a]; *Manufacturer's & Traders Trust Co. v Reliance Ins. Co.*, 8 NY3d 583, 588-589 [2007]; *Griswold Special Care of N.Y., Inc. v Executive Nurses Home Care, Inc.*, 66 AD3d 962 [2009]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.