■ CYNTHIA C. KAISER-HAIDRI et al., Appellants, v BATTERY PLACE GREEN, LLC, Respondent. [925 NYS2d 557]—

In an action, inter alia, for a judgment declaring that the purchase agreement for the sale of real property between the plaintiffs and the defendant dated May 15, 2007, was void ab initio and that the plaintiffs were entitled to recover their down payment in the sum of $380,250, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered July 14, 2010, as granted those branches of the defendant's motion which were for summary judgment with respect to the first and second causes of action in the complaint and on its counterclaim for retention of the down payment.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the purchase agreement for the sale of real property between the plaintiffs and the defendant dated May 15, 2007, is not void ab initio, and that the plaintiffs are not entitled to recover their down payment in the sum of $380,250.

The defendant, Battery Place Green, LLC (hereinafter BPG), was the sponsor of a condominium project known as the Visionaire, located at 70 Little West Street in Manhattan. While the Visionaire was still under construction, the plaintiff Cynthia C. Kaiser-Haidri (hereinafter Kaiser-Haidri) entered into a purchase agreement with BPG to purchase unit 26D at the Visionaire for the sum of $2,535,000. Since the project was still in the construction phase, no closing date was specified in the purchase agreement. However, the purchase agreement provided that time was of the essence with regard to the purchaser's obligation to pay the balance of the purchase price and to perform his or her other obligations under the agreement, and that the closing of title would be designated by BPG on notice to the purchaser at least 30 days prior to the scheduled closing date.

On the same day that the purchase agreement was executed, Kaiser-Haidri, as assignor, assigned her rights in the purchase agreement to herself and the plaintiff Nazar H. Haidri (hereinafter together the plaintiffs), as assignees, pursuant to a written assignment, which was also signed by a representative of BPG. The assignment specified that the plaintiffs, as assignees, were subject to the terms of the purchase agreement and agreed to assume all of the assignor's obligations under the agreement.

Pursuant to the purchase agreement, the plaintiffs paid an initial deposit in the sum of $253,500 at the time that the purchase agreement was executed and a subsequent deposit in the sum of $126,750 on November 22, 2007. Both deposits were held in escrow by BPG's counsel. The purchase agreement provided that, in the event of a default, such as the purchaser's failure to pay the balance of the purchase price on the closing date, BPG would give the purchaser notice of the default and 30 days to cure it. If, at the end of the 30-day period, the purchaser failed to cure his or her default, the purchase agreement provided that BPG could cancel the purchase agreement and retain the purchaser's down payment deposits.

Pursuant to the terms of the purchase agreement, by letter dated February 6, 2009 BPG gave notice to the plaintiffs that it set the closing date for their unit for March 20, 2009. On that scheduled closing date, the plaintiffs failed to appear. BPG's attorney was present at the noticed time and place with a properly executed unit deed and related closing documents which he was prepared to tender to the plaintiffs.

Thereafter, by letter dated April 6, 2009, BPG's counsel informed the plaintiffs that they were in default of the purchase agreement and had 30 days to cure the default. In that letter,

counsel also explained that, if the plaintiffs failed to cure their default, BPG could exercise its rights under the purchase agreement by, inter alia, cancelling the purchase agreement and retaining their deposits.

In response to that letter, the plaintiffs commenced this action against BPG, inter alia, seeking a judgment declaring that the purchase agreement was void ab initio and that they were entitled to the return of their contract deposits totaling $380,250. In support of the first two causes of action for declaratory relief, the plaintiffs asserted that the purchase agreement was void since it violated the rule against perpetuities by failing to specify a closing date.

Along with its answer to the complaint, BPG asserted a counterclaim against the plaintiffs alleging breach of contract due to their failure to attend the closing and cure their default.

BPG moved, among other things, for summary judgment dismissing the complaint and on its counterclaim. The plaintiffs opposed the motion, asserting that the contract was void ab initio since, inter alia, it violated the rule against perpetuities and, therefore, BPG was not entitled to summary judgment dismissing the complaint or on its counterclaim. The Supreme Court granted BPG's motion. We affirm the order insofar as appealed from.

The common-law rule against perpetuities provides that " '[n]o interest is good unless it must vest, if at all, not later than [21] years after some life in being at the creation of the interest' " (Symphony Space v Pergola Props., 88 NY2d 466, 475 [1996], quoting Gray, The Rule Against Perpetuities § 201, at 191 [4th ed 1942]). This rule was codified as EPTL 9-1.1, subdivision (b) of which provides: "No estate in property shall be valid unless it must vest, if at all, not later than twenty-one years after one or more lives in being at the creation of the estate and any period of gestation involved. In no case shall lives measuring the permissible period of vesting be so designated or so numerous as to make proof of their end unreasonably difficult."

At common law, "[t]he Rule against Perpetuities evolved from judicial efforts during the 17th century to limit control of title to real property by the dead hand of landowners reaching into future generations" (Symphony Space v Pergola Props., 88 NY2d at 475; see Bleecker St. Tenants Corp. v Bleeker Jones LLC, 16 NY3d 272 [2011]; Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156, 161 [1986]). Underlying the rule was the principle that "it is socially undesirable for property to be inalienable for an unreasonable period of time" (Symphony Space v Pergola Props., 88 NY2d at 475).

The parties agree that, as to that branch of BPG's motion which was with respect to the plaintiffs' first and second causes of action, there are no questions of fact to be resolved and that the only issue is a question of law with respect to whether the rule against perpetuities is applicable to the subject purchase agreement. While EPTL 9-1.1 (b) applies to commercial options contained in purchase contracts (*see Symphony Space v Pergola Props.*, 88 NY2d at 477-478; *Dimon v Starr*, 299 AD2d 313 [2002]; *compare Bleecker St. Tenants Corp. v Bleeker Jones LLC*, 16 NY3d 272 [2011] [rule against perpetuities does not apply to options to renew leases]), the Supreme Court properly determined that it does not apply to a purchase agreement such as the one at bar. While the purchase agreement included language that the agreement was to bind and inure to the benefit of the successors and assigns of the plaintiffs and BPG, there was no intention that the parties' rights under the purchase agreement would last indefinitely since, even though a closing date was not specified, the purchase agreement provided that time was of the essence with respect to the plaintiffs' duty to perform their obligations (*see Reynolds v Gagen*, 292 AD2d 310 [2002]; *compare Dimon v Starr*, 299 AD2d 313 [2002]). The purchase agreement also provided that the closing of title would occur after or concurrently with compliance with certain prerequisites set forth in the offering plan, which was incorporated by reference and made a part of the purchase agreement. Moreover, the law presumes a reasonable closing date where no closing date is specified (*see Omar v Rozen*, 55 AD3d 705 [2008]). Accordingly, the Supreme Court properly granted that branch of BPG's motion which was for summary judgment with respect to the first and second causes of action in the complaint.

BPG established its entitlement to judgment as a matter of law on its counterclaim by establishing that the plaintiffs were in breach of their obligations under the purchase agreement by failing to close or cure their default (*see Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d 804, 805-807 [2011]; *JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802 [2010]; *Furia v Furia*, 116 AD2d 694 [1986]). "When a contract states that time is of the essence, the parties are obligated to comply strictly with its terms. Moreover, where time is of the essence, performance on the specified date is a material element of the contract, and failure to perform on that date constitutes, therefore, a material breach of the contract" (*New Colony Homes, Inc. v Long Is. Prop. Group, LLC*, 21 AD3d 1072, 1072-1073 [2005] [citations omitted]). Here, the purchase agreement submitted by BPG provided that the plaintiffs would be given at least 30 days' notice of the closing date and that time was of the

essence with respect to the plaintiffs' tender of the balance of the purchase price on that date. BPG also provided proof in admissible form that the closing was scheduled for March 20, 2009, and that the plaintiffs failed to appear. Further, when given the opportunity to cure their default, the plaintiffs failed to do so.

In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Martin v Burns, 77 AD3d 633, 634 [2010]). Accordingly, the Supreme Court properly awarded BPG summary judgment on its counterclaim (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 83 AD3d 1001 [2011]; New Colony Homes, Inc. v Long Is. Prop. Group, LLC, 21 AD3d at 1073; see e.g. Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, 62 [2003]; Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 378 [1986]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the purchase agreement for the sale of real property between the plaintiffs and the defendant dated May 15, 2007, is not void ab initio, and that the plaintiffs are not entitled to recover their down payment in the sum of $380,250 (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.