Order, Surrogate’s Court, New York County (Kristin Booth Glen, S.), entered on or about September 30, 2011, which, insofar as appealed from, granted petitioner’s motion to enforce a stipulation directing respondent museum to relinquish its rights to a statue from decedent’s collection that was on loan to it from petitioner, unanimously affirmed, without costs.
A negotiated stipulation between the parties contemplated the possibility of petitioner donating art from decedent’s collection to respondent museum based on a procedure by which petitioner would deliver to the museum a “Deed of Gift” for a sculpture from decedent’s collection known as Songye Wood Standing Male Figure, and respondent could accept the offer by completing and delivering to petitioner a countersigned “Deed of Gift,” no later than 30 days after the offer.
The stipulation provided that petitioner would place 14 specific pieces from decedent’s art collection on loan with the museum. The stipulation also gave the museum the unqualified right to acquire any of the pieces at a nominal sum of $100 each, at the end of 10 years, during which time petitioner could not dispose of the loaned pieces other than to the museum. The stipulation further provided that “[i]f an Offer is not accepted by [the Museum] in strict compliance with the manner, terms and time set forth . . . time being of the essence, such Offer shall be deemed irrevocably rejected. In such event, the Loan and Loan Period as to the Piece(s) included within such rejected Offer shall immediately terminate, such Piece(s) shall be returned to Petitioner within fourteen (14) days thereafter, and the [loan provisions] shall no longer apply to such Piece(s).”
It is well established that “signatories of any agreement . . . are free to tailor their contract to meet their particular needs and to include or exclude those provisions which they choose” (Grace v Nappa, 46 NY2d 560, 565 [1979]). Accordingly, the *517 court properly enforced the terms of the stipulation and directed respondent to return the sculpture after it failed to deliver a countersigned deed to petitioner within the requisite time period following the offer to donate (see Kaiser-Haidri v Battery Place Green, LLC, 85 AD3d 730, 733-734 [2d Dept 2011]).
Indeed, on November 29, 2010, petitioner executed the deed of gift offering to donate the sculpture and, by overnight mail, sent the deed to respondent. On December 9, 2010, respondent’s board of trustees reviewed and voted to accept petitioner’s gift, and respondent’s deputy director countersigned the deed. On December 30, 2010, respondent executed a letter acknowledging the gift. However, respondent did not mail this letter and the countersigned deed of gift until January 3, 2011. It is undisputed that respondent failed to deliver the acceptance to petitioner within the 30 days of the deed of gift.
Contrary to respondent’s contentions, no circumstances warranting equitable intervention are present here (see e.g. Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573, 576-577 [1979]; 1029 Sixth v Riniv Corp., 9 AD3d 142, 149-150 [1st Dept 2004], appeal dismissed 4 NY3d 795 [2005]). Concur — Friedman, J.E, Sweeny, Moskowitz, Freedman and Román, JJ.