■ In the Matter of JUAN ORTIZ et al., Appellants, v ENRIQUE GARCIA et al., Respondents. [959 NYS2d 223]—

In a proceeding pursuant to CPLR article 78, inter alia, to challenge the election of officers to the board of directors of a

cooperative apartment building and to set aside a certain contract purportedly entered into by the cooperative, the petitioners appeal from a judgment of the Supreme Court, Kings County (Partnow, J.), entered May 2, 2011, which, upon a decision of the same court (Sunshine, J.H.O.) dated April 12, 2011, made after a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the petition which was to set aide the contract between the subject cooperative and the respondent Del Mar Management Services, Inc., and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioners, Juan Ortiz and Mayra Santiago, reside in two of the six units of 370 Hooper Street Housing Development Fund Corporation (hereinafter the Co-op), a cooperative apartment building located in Kings County. In 1983 Ortiz was elected president of the Co-op Board of Directors (hereinafter the Board), and has held that position until the events which are the subject of this appeal took place. The respondents are Enrique Garcia, the current Board president, Washington Hernandez, the current Co-op treasurer, Efraim Gonzalez, the current Co-op secretary, who were all elected at a special meeting of Co-op members held on April 12, 2010, Del Mar Management Services, Inc. (hereinafter Del Mar), a building management company, and Gladys Torres, an employee of Del Mar.

The petitioners commenced this proceeding seeking, inter alia, to set aside the election of officers conducted on April 12, 2010, on the ground that the meeting at which the election took place was not scheduled in compliance with the Co-op's bylaws. The petitioners also sought to set aside a management services contract which the Co-op had entered into with Del Mar on March 10, 2010, on the ground that the contract was not properly executed in accordance with the Co-op's bylaws. In a referral order dated November 16, 2010, the Supreme Court directed a hearing "to hear and determine . . . the issue of board membership, board members, and election validity." After an extensive hearing, the Judicial Hearing Officer (hereinafter JHO) issued a decision, dated April 12, 2011, wherein she stated that the members of the Co-op were Ortiz, Garcia, Gonzalez, and Hernandez, the election held on April 12, 2010, was valid, and "the officers are Garcia-Pres, Hernandez-Treasurer, Gonzalez-Sect'y." Additionally, she stated that "the contract entered into with [Del Mar] dated 3/10/10 is valid." In a judg-

ment entered May 2, 2011, the Supreme Court denied the petition and dismissed the proceeding.

Based on the evidence submitted at the hearing, the Supreme Court properly found that the April 12, 2010, special meeting was scheduled in compliance with the Co-op bylaws, and that the resulting election of officers was valid (*see Board of Mgrs. of Park Regent Condominium v Park Regent Unit Owners Assoc.,* 58 AD3d 589 [2009]; *Matter of Stile v Antico,* 272 AD2d 403 [2000]; *Matter of Rock Church v Milani,* 256 AD2d 255 [1998]). The April 12, 2010, special members meeting was called by the Board at its April 2, 2010, meeting, which was attended by Garcia and Hernandez, who were then secretary and vice-president of the Board, respectively. On April 2, 2010, Ortiz was more than two months behind in his maintenance payments, and according to the Co-op bylaws, such delinquency disqualified Ortiz from being a voting member of the Co-op or from being elected to the Board. Accordingly, on April 2, 2010, Garcia and Hernandez represented a majority of the Board, and as such they were entitled to call a special meeting of the members in order to elect Board directors. The fact that a written notice sent by Garcia, dated April 2, 2010, incorrectly stated that the April 12, 2010, special meeting was being called "at the written request of more than two members" did not invalidate the special meeting, since it had been properly scheduled at the April 2, 2010, Board meeting. Moreover, Ortiz admitted at the hearing that he appeared at the April 12, 2010, meeting. Accordingly, the April 12, 2010, special meeting was properly scheduled. The record also supports the conclusion that the election of officers which took place at that meeting was proper and in accordance with Co-op bylaws.

However, the petitioners correctly argue that the management services contract entered into between the Co-op and Del Mar was not valid. Initially, we note that while the question of the validity of the Del Mar contract was not referred to the JHO, the parties argued this issue at the hearing, and in the decision dated April 12, 2011, the JHO specifically found that the contract was valid. Thus, this issue is properly before us on this appeal. The Co-op bylaws specifically state that all contracts "shall be executed on behalf of the [Co-op] by either the [Board] President or the Vice President." Here the Del Mar contract, which was entered into on March 10, 2010, was only executed on behalf of the Co-op by Garcia, who was Secretary of the Board at that time. Moreover, Garcia only signed the contract in his capacity as a Co-op member. Accordingly, the contract was invalid (*see generally Odell v 704 Broadway Condominium,* 284

AD2d 52 [2001]; *Paragon Restoration Group, Inc. v Cambridge Sq. Condominiums*, 14 Misc 3d 1236[A], 2006 NY Slip Op 52579[U] [2006], *mod* 42 AD3d 905 [2007]). Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.