Clements v 201 Water St. LLC (2018 NY Slip Op 00471)





Clements v 201 Water St. LLC


2018 NY Slip Op 00471


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


5497 650810/17

[*1]Jerry E. Clements, et al., Plaintiffs-Appellants,
v
201 Water Street LLC, Defendant-Respondent.


Lambert & Shackman, PLLC, New York (Thomas C. Lambert of counsel), for appellants.
D'Agostino, Levine, Landesman & Lederman LLP, New York (Bruce H. Lederman of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Erika M. Edwards, J.), entered August 28, 2017, which granted defendant's motion to dismiss the complaint and for attorneys' fees and costs on the motion, and declared that the parties' purchase agreement is not void, illusory, or unenforceable and that plaintiffs are not entitled to the return of their down payment, unanimously modified, on the law, to deny defendant's motion to dismiss, and to vacate the declaration that plaintiffs are not entitled to the return of their down payment, and otherwise affirmed, without costs.
Contrary to plaintiffs' conclusory allegations, the purchase agreement does not place sole and absolute discretion in defendant sponsor to set a closing date on plaintiffs' condominium unit. Rather, the agreement requires defendant to set a closing date either concurrently with or after the attainment of appropriate certificates of occupancy for the building or plaintiffs' unit, which was under construction when the parties entered into the agreement. Defendant is also obligated under the agreement to use best efforts to procure the certificates within two years of the issuance of the building's or any unit's first temporary certificate of occupancy. At the time plaintiffs commenced the instant action, the requisite certificates of occupancy were not yet obtained, and the complaint makes no allegation of unreasonable delays on defendant's part in the progress of the condominium's construction. While the agreement does not specify a closing date, the law provides for a reasonable time to close (see Grace v Nappa, 46 NY2d 560, 565 [1979]; Kaiser-Haidri v Battery Place Green, LLC, 85 AD3d 730, 733 [2d Dept 2011]). Accordingly, the agreement is not illusory or unenforceable (see Kaiser-Haidri, 85 AD3d 730).
The motion court correctly ruled that defendant is entitled to recover attorneys' fees and costs for the instant motion pursuant to the express terms of the agreement (see Board of Mgrs. of 55 Walker St. Condominium v Walker St., 6 AD3d 279 [1st Dept 2004]).
We modify to declare in defendant's favor, rather than dismiss the complaint (Hunter v Seneca Ins. Co., Inc., 114 AD3d 556, 557 [1st Dept 2014]). We also modify to strike the declaration that plaintiffs are not entitled to a return of their down payment as premature, since they may still close on their unit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK