Allerville Arms Owners Corp v Gjelil (2025 NY Slip Op 51121(U))

[*1]

Allerville Arms Owners Corp v Gjelil

2025 NY Slip Op 51121(U)

Decided on July 18, 2025

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2025
Civil Court of the City of New York, Bronx County

Allerville Arms Owners Corp, Petitioner

against
Krasniqi Gjelil, Respondent, JOHN DOE JANE DOE Respondents

Index No. LT-345371-23/BX

Attorney for Petitioner:
SCOTT DAVID GROSS 
Firm Name:
LAW OFFICES OF SCOTT D. GROSS 
Address:
400 Post Ave Ste 400b, Westbury, NY 11590 
Phone:
(516) 742-9099 
Service E-mail:
scott@sgrosslaw.com
Attorney for Respondent Gjelil Krasniqi:
GEORGE M. GAVALAS 
Firm Name:
LAW OFFICE OF GEORGE M. GAVALAS 
Address:
2001 Marcus Ave Ste N125, New Hyde Park, NY 11042 
Phone:
(516) 746-1515 
Service E-mail:
attorneyatlaw@aol.com

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(a), of the papers considered in the review of Respondent's Order to Show Cause (Motion Seq #4):
Papers Doc #
Order to Show Cause 1 [NYSCEF ## 37/44/45/48]
Attorney's Affirmation in Support 2 [NYSCEF # 38]
Respondent's Affirmation in Support 3 [NYSCEF #39]
Exhibits A-D in Support 4-7 [NYSCEF ##40-43]
Attorney's Affirmation in Opposition 8 [NYSCEF # 46]
PROCEDURAL HISTORY AND BACKGROUND
This is a holdover proceeding Petitioner brought against its former resident superintendent seeking to recover possession of Apartment 1-D at 2550 Olinville Avenue in the Bronx. After eleven pre-trial court appearances during the period of February 8, 2024 through April 1, 2025, a trial was held on April 23, 2025. The procedural history of the case is described in greater detail in this court's post-trial Decision/Order [NYSCEF Doc ## 32, 33 and 40], which awarded Petitioner a possessory judgment against all Respondents and a monetary judgment for $63,000 against Respondent Krasniqi, representing use and occupancy (U&O) at the monthly rate of $3500 for the eighteen-month period of November 2023 through April 2025. 
Now before the court is an order to show cause (OSC) filed on June 30, 2025 by Respondent Krasniqi, who previously appeared pro se but now has retained counsel, seeking an order "Renewing and Re-arguing the court's decision awarding $3,500 per month use and occupancy." Petitioner's enforcement of the judgment was stayed pending determination of this motion.
Respondent argues in his supporting affirmation that the court should not have set U&O for his three-bedroom apartment at the monthly rate of $3500. He asserts that this was an excessive monthly rate because of the apartment's poor condition, its location on the first floor of the building, and the fact that tenants constantly harassed him about making repairs, even though he was no longer the building's superintendent. Respondent also asserts that Petitioner improperly terminated his employment based on his union membership and false allegations that he rented out parking spaces, and that Petitioner owes him money for uncompensated work; he thought the court would hear these issues at trial; and he is unfamiliar with the judicial system and proceeded to trial without a lawyer because he felt that he "had justice and equity on my side". 
In his supporting affirmation, Respondent's attorney asserts that the court did not inquire as to the condition of the premises in connection with the U&O award, and Petitioner's proof of valuations for similar rental apartments in the area were not reasonable comparisons. Respondent's attorney cites to CPLR §§ 2201, 6301 and 6313(a) as grounds for staying enforcement of the money judgment pending the hearing and determination of the OSC but cites no authority for the other relief sought.
In his affirmation in opposition, Petitioner's attorney notes that Respondent was first in court on February 8, 2024 and the trial did not occur until April 23, 2025, giving Respondent over a year to secure counsel. Noting that Respondent cites no legal authority permitting him to renew and reargue the court's Decision/Order after trial, Petitioner argues that no such relief is available under CPLR R 5015, and the only proper motion to be made would be under CPLR R 4404, which permits a post-trial motion to set aside a decision or judgment but which, under CPLR R 4405, must be made within fifteen days after the decision. Petitioner's attorney also asserts that Respondent presented no proof supporting a U&O award at a specified rate other [*2]than $3500/month. 
DISCUSSION
It is undisputed that Respondent has vacated the apartment and surrendered possession. Accordingly, the only issue to be determined is whether the court should vacate the money judgment and provide Respondent an opportunity, now that he has retained counsel, to present evidence in support of his claim that the U&O awarded to Petitioner was excessive.
Petitioner correctly points out that Respondent's attorney cites to no section of the CPLR as authority for the relief sought (other than for the stay pending hearing and determination of the motion). Clearly, Respondent is not asking the court to review its order on a prior motion, as it is this court's post-trial Decision/Order Respondent seeks to vacate. Accordingly, Respondent's use of the phrase "renew and reargue" does not refer to CPLR R 2221, which allows a litigant to ask the court to address an order determining a prior motion.[FN1]
Nor has Respondent asserted any facts to support a claim for relief under any of the five subsections of CPLR R 5015, which allow a party to seek relief from a judgment or order on the grounds of (1) excusable default, (2) newly-discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) lack of jurisdiction, or (5) reversal, modification or vacatur of a prior judgment or order upon which it is based.
Petitioner also correctly posits that Respondent's motion is, in effect, an untimely motion to set aside the decision and judgment after trial pursuant to CPLR R 4404(b), which, under CPLR R 4405 must be made within fifteen days of the decision. Under these sections, "A litigant's failure to timely move is not necessarily fatal if the litigant can establish 'good cause' for the delay." Casey v Slattery (213 AD2d 890, 891, 623 NYS2d 942, 943-44 [3rd Dep't 1995]). That is, despite the fifteen-day rule, this court has the authority to consider an untimely motion pursuant to CPLR R 4404(b) "under the court's inherent power to set aside its decision for an overriding and persuasive reason." Barnes v Oceanus Navigation Corp, Ltd (21 AD3d 975, 977, 801 NYS2d 368, 369 [2nd Dep't 2005]). In Barnes, the appellate court affirmed the lower court's granting of defendant's untimely CPLR R 4404(b) motion, finding, "Such a reason was presented by the defendant's argument that the repurchase option was void ab initio under the rule against perpetuities (see EPTL 9-1.1 [b]) and raised an issue of public policy (see Symphony Space v Pergola Props, 88 NY2d 466, 476, 485, 669 NE2d 799, 646 NYS2d 641 [1996])." Id. In Casey, an automobile negligence action, the appellate court reversed the lower court's order granting a motion under CPLR R 4403 (a parallel provision to CPLR R 4404, applicable where the trial verdict was by jury) where the movant contended that the damage award was insufficient, finding that the lower court had abused its discretion "since [the movant] failed to offer any explanation for his substantial delay . . . . Moreover, [the lower court] should not have accepted plaintiff's characterization of his motion as one for reargument since it was an obvious artifice [*3]designed to evade the time limitation of CPLR 4405". Casey v Slattery (213 AD2d at 891, 623 NYS2d at 944).
Here, Respondent offers no explanation for his two-month delay in filing this motion, or why there is "good cause" for this court to disregard the fifteen-day deadline under CPLR R 4405. Respondent's assertions about his lack of experience with the judicial system, and dissatisfaction with the outcome after trial, on the facts presented do not constitute "an overriding and persuasive reason" for this court to vacate its judgment. There were numerous and lengthy pre-trial settlement conferences at which Respondent had the opportunity to ask questions and consider his options, after which he chose to proceed to trial without counsel. 
Even if the court were to reach the merits of Respondent's claim, see Casey v Slattery (213 AD2d at 891, 623 NYS2d at 944), the photographs of his bathroom and kitchen that accompany his motion and his assertions about repairs that were needed in the apartment, without more, are simply inadequate. Respondent offered no proof of rental valuations for similar apartments in the area to support his claim that $3500 is an excessive monthly U&O rate for his three-bedroom apartment. Further, Respondent raised no counterclaims in his answer. Even if he had raised improper termination of his employment and/or failure to provide adequate compensation for work done outside the scope of a superintendent's duties as counterclaims, they would have been severed as this court is not the proper forum for raising such Federal and State labor law issues. See, generally, e.g., 537 Greenwich LLC v Chista, Inc (19 Misc 3d 1133[A] 862 NYS2d 807 [Civ Ct NY Co 2008]) ("Where a tenant's counterclaim in a holdover proceeding is not inextricably intertwined with the landlord's main claim for possession, it should be severed from the summary proceeding as it may inordinately delay the summary nature of the special proceeding"). Respondent's remedy lies in a plenary action in Federal or State court, see, e.g., 5201 Snyder Ave Assocs LP v Clarke (32 Misc 3d 1203[A], 932 NYS2d 760 [Civ Ct Kings Co 2011])(in a superintendent holdover proceeding, granting respondent's motion for a stay pending a final determination in a related and previously filed federal unfair labor practices and discriminatory termination case); Markasevic v 241 E 76 Tenants Corp (2017 NY Slip Op 30493[U][Sup Ct NY Co March 13, 2017, EM Coin, AJSC])(denying defendant-landlord's motion to compel arbitration or dismiss a proposed class action brought by building employees — superintendents, doormen ad handymen — claiming employer paid insufficient wages under state and federal labor laws), or at the New York State Department of Labor, see, e.g., Martin v Duques (2012 NYLJ LEXIS 5616 [Civ Ct Kings Co March 20, 2012, MJSikowitz, HCJ])(staying nonpayment proceeding against former superintendent pending resolution of claims at the Department of Labor).
Based on the record herein, and given that an untimely post-trial motion to vacate a judgment should be denied where it lacks merit and the movant has failed to offer "an overriding and persuasive reason" to grant such relief, Lakhani v Shiyao Ding (49 Misc 3d 137[A], 26 NYS3d 213 [AT 1st Dep't 2015]); River View Towers, Inc v Israel (33 Misc 3d 139[A], 943 NYS2d 794 [AT 1st Dep't 2011]), Respondent's motion must be denied.
CONCLUSION
Based on the foregoing, it is hereby ORDERED that Respondent's order to show cause is DENIED and all stays are lifted. This constitutes the court's Decision/Order, which is being uploaded on NYSCEF.
Diane E. Lutwak, HCJ
ENTERED
July 18, 2025
Bronx Housing Court

Footnotes

Footnote 1:A motion for leave to reargue must be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining a prior motion, CPLR R 2221(d); a motion to renew must be brought based upon new facts not offered on a prior motion, or a change in the law, that would change the prior determination, and must contain reasonable justification for the failure to present such facts on the prior motion, CPLR R 2221(e).