■ MADELINE ESCOBAR, Respondent, v EDWIN GONZALEZ, Appellant. [717 NYS2d 27] —Order, Supreme Court, New York County (Walter Tolub, J.), entered June 22, 1999, which found that defendant-appellant breached the parties' settlement agreement in failing to timely transfer shares of stock to plaintiff-respondent wife and awarded plaintiff wife the sum of $9,350 in damages, unanimously reversed, on the law, without costs, that portion of the order awarding damages vacated, and the matter remitted for directions for the respondent to refund the sum of $9,350 to appellant.

The question whether a contract provision is ambiguous is one of law to be resolved by the court (*see, Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191). In the instant action, the court erred in concluding that the terms of the parties' agreement were not ambiguous, since the provisions did not clearly set forth the time limitations for the transfer of the shares of stock. The evidence does not support the contention that it was the parties' intent that the transfer of stock occur within seven days of the execution of the stipulation dated February 11, 1999. The stipulation anticipated an additional writing incorporating its terms which was not executed until April, 1999. It, too, was silent as to the time for performance of the transfer of stock. Moreover, at the inquest on February 11, 1999, time limits were not discussed before the court.

When a contract is silent as to the time for performance, the law implies a reasonable time, which depends upon the facts and circumstances of the particular case (*Savasta v 470 Newport Assocs.*, 82 NY2d 763). Here, the three-month delay in transferring the shares was not unreasonable in light of the additional writing and the actions required to complete the transfer. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.