ROBERT J. PFUNTNER, Respondent, v RICHARD C. LYONS, Appellant, et al., Defendants. [742 NYS2d 462] —Appeal from an order of Supreme Court, Steuben County (Furfure, J.), entered May 25, 2001, which denied the motion of defendant Richard C. Lyons for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff and, inter alia, defendant Richard C. Lyons are signatories to a contract for the sale by Lyons to plaintiff of Lyons' 50% share of defendant Bilbat Radio, Inc. (Bilbat), the business of which is the operation of two radio stations. Plaintiff commenced this action alleging causes of action for breach of contract, fraud, and mutual mistake and seeking various forms of relief, including reformation of the contract, an injunction prohibiting defendants from negotiating the sale of Bilbat or the radio stations to others, and specific performance by defendants of their contractual obligations.

Supreme Court properly denied the motion of Lyons for summary judgment dismissing the amended complaint against him. Contrary to the contentions of Lyons, the contract is not a mere "agreement to agree" (*see generally Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.,* 78 NY2d 88, 91-92), nor is it so vague or indefinite or lacking in essential or material terms as to be unenforceable (*see generally Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 482, *rearg denied* 75 NY2d 863, *cert denied* 498 US 816; *Martin Delicatessen v Schumacher,* 52 NY2d 105, 109). Moreover, the fact that there may have been a mutual mistake with respect to the subject matter of the contract (i.e., concerning which corporation in fact is owned by the individual defendants and

ultimately controls the radio stations) does not warrant dismissal of the amended complaint as a matter of law, but in fact may warrant reformation of the contract (*see Chimart Assoc. v Paul,* 66 NY2d 570, 573; *see also Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 218-219).

Contrary to the further contention of Lyons, the contract does not fail for lack of consideration based on Bilbat's promise to pay a portion of the purchase price. The supporting promises by the other signatories constitute legal detriment, and thus there is legally adequate consideration justifying enforcement of Bilbat's promise to pay a portion of the purchase price (*see Holt v Feigenbaum,* 52 NY2d 291, 299; *see generally Hamer v Sidway,* 124 NY 538, 545-547). Moreover, the alleged illegality of the contractual provision requiring Lyons to surrender his voting rights with respect to his shares prior to the parties' obtaining the approval of the Federal Communications Commission for the transaction may be excised from the contract and does not render the contract as a whole illegal or unenforceable (*see Empire Magnetic Imaging v Comprehensive Care of N.Y.,* 271 AD2d 472, 478; *Caruso v Allnet Communication Servs.,* 242 AD2d 484, 485; *Artache v Goldin,* 133 AD2d 596, 599). Nor is the contract unenforceable merely because it does not set a closing date. It is well established that, "[w]hen a contract does not specify time of performance, the law implies a reasonable time" (*Savasta v 470 Newport Assoc.,* 82 NY2d 763, 765, *rearg denied* 82 NY2d 889; *see Escobar v Gonzalez,* 277 AD2d 93; *see also Grace v Nappa,* 46 NY2d 560, 565, *rearg denied* 47 NY2d 952).

Contrary to the further contention of Lyons, he is not entitled to summary judgment on the ground that an essential condition precedent to the contract has failed, thus excusing his performance under the contract and justifying his termination of it. That contention is undermined by paragraph 11 of the contract, which states, "If [defendant William H.] Berry and [plaintiff] are unable to reach an [operating] agreement prior to closing, this agreement shall survive." It thus must be concluded as a matter of law that the obligation of Lyons to tender his shares is not dependent on the existence of an operating agreement.

Finally, we conclude that Lyons is not entitled to summary judgment on the ground that specific performance is impossible. Here, there is the possibility that the contract may be reformed, whereas in the cases cited by Lyons specific performance was not possible (*see Matter of Wynyard v Beiny,* 214 AD2d 344; *Newman v Resnick,* 38 Misc 2d 94, 96; *see also Soggs v Crocco,*

247 AD2d 887, 888-889). In any event, to the extent that specific performance may ultimately be impossible or impractical, the court would have discretion to fashion an appropriate award of money damages (*see Lusker v Tannen,* 90 AD2d 118, 125; *see generally Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 415; *Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191-194). Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Kehoe, JJ.