■ CLORINDA PYROS, Appellant, v CHARLES DENGEL, Respondent. (Action No. 1.) CHARLES CAPOBIANCO et al., Respondents, v CHARLES DENGEL, Respondent, and CLORINDA PYROS et al., Appellants. (Action No. 2.) [826 NYS2d 140]—

In an action to impose a constructive trust on real property, and a related action for specific performance of a contract for the sale of real property, Clorinda Pyros and Elizabeth Pyros appeal from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated July 7, 2005, which, after a nonjury trial, inter alia, granted Charles Capobianco and Jennifer Capobianco specific performance of the contract of sale, imposed a constructive trust on the proceeds of the sale, and directed Charles Dengel to pay only one third of the proceeds of the sale to Clorinda Pyros.

Ordered that the judgment is affirmed, with one bill of costs.

The trial court properly directed specific performance of the contract of sale between Charles Dengel, the seller of the subject property, and Charles Capobianco and Jennifer Capobianco, the purchasers (*see Tucek v Hoffman,* 161 AD2d 588 [1990]). The trial court also properly imposed a constructive trust on the proceeds of the sale of the subject property (*see Nastasi v Nastasi,* 26 AD3d 32, 38 [2005]; *cf. Spodek v Riskin,* 150 AD2d 358 [1989]; *Levy v Moran,* 270 AD2d 314 [2000]). The evidence at trial showed the existence of a confidential or fiduciary relationship between Clorinda Pyros and Dengel, a transfer of an interest in the subject property to Dengel in reliance on a promise to reconvey the property, and unjust enrichment (*see Sharp v Kosmalski,* 40 NY2d 119 [1976]; *Lipton v Donnenfeld,* 5 AD3d 356 [2004]; *cf. Modica v Modica,* 15 AD3d 635 [2005]). The trial court's determination that Clorinda Pyros consented to the sale of the property should be accorded deference, since the court was in a position to assess the evidence and credibility of witnesses at trial (*see Faisal v Mayronne,* 22 AD3d 634 [2005]; *Koslowski v Koslowski,* 297 AD2d 784 [2002]). Furthermore, there is legally sufficient evidence to support the finding that Clorinda Pyros is entitled to only one third of the sale proceeds (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Moreover, in reviewing a determination made after a nonjury trial, "the power of the Appellate Division . . . is as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts, taking into account that in a close case . . . 'the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983] [citations omitted], quoting *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 133-134 [1930]). The trial court's determination is supported by the record, and we find no reason to disturb it (*see Tornheim v Kohn,* 31 AD3d 748 [2006]; *Kahan v Sulaymanov,* 24 AD3d 612 [2005]; *Bucci v Bucci,* 231 AD2d 665 [1996]).

The parties' remaining contentions are without merit. Adams, J.P., Ritter, Fisher and Covello, JJ., concur.