■ ROI, Inc., Formerly Known as OUTDOOR INNS, INC., et al., Appellants, v HIDDEN VALLEY REALTY CORPORATION et al., Respondents. [845 NYS2d 848]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 19, 2006 in Ulster County, upon a decision of the court in favor of defendants.

Plaintiff Robert Fried is an officer in, and sole stockholder of, plaintiff ROI, Inc., which is also known as Outdoor Inns, Inc. Decedent Milta I. Duncan was president and sole stockholder of defendant Hidden Valley Realty Corporation. ROI operated a camp on land owned by Hidden Valley pursuant to a 1975 lease providing that ROI could renew annually until February 2005 upon written notice. In 1984, Duncan and Fried entered into an agreement that if Fried obtained all outstanding stock of ROI, the parties would exchange stock within 30 days so that each would own half of both companies. The corporations evidently became "intertwined" at some point thereafter and plaintiffs allege that Duncan improperly transferred money from ROI to Hidden Valley. Duncan then transferred all of the outstanding shares of Hidden Valley to a revocable trust in 2000, naming herself as trustee, and refused Fried's subsequent demand to complete the stock transfer contemplated in the 1984 agreement.

In 2004, plaintiffs commenced this action seeking specific performance of both the lease and the stock agreement. Following a nonjury trial, Supreme Court dismissed the complaint. Plaintiffs appeal and we now affirm.

Initially, we reject plaintiffs' argument that Supreme Court employed an incorrect standard of review in determining whether plaintiffs met their burden of proof. Plaintiffs assert

that they were required only to demonstrate a rational process by which a jury could find in their favor. While that standard is appropriate in resolving a motion for a directed verdict (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), Supreme Court properly determined that the correct standard to be employed at the close of the nonjury trial herein was whether plaintiffs proved their case by a preponderance of the evidence (*see e.g. Finley v Amyot*, 285 AD2d 946, 946 [2001]). Furthermore, we agree with Supreme Court that plaintiffs failed to meet their burden.

The lease agreement upon which they base their claim for specific performance expired by its own terms in 2005—prior to trial. To the extent that plaintiffs seek to recover for breach of the lease based upon Duncan's alleged conversion of ROI's assets to Hidden Valley, there is no evidence that the checks purportedly used to effect the conversion were not used to pay for the legitimate obligations reflected on the face of the checks (*see Ravens Metal Prods. v McGann*, 267 AD2d 527, 529 [1999]). With respect to plaintiffs' cause of action for specific performance of the 1984 stock agreement, they failed to demonstrate when Fried obtained 100% of ROI's outstanding stock such that the 30-day time period—within which the transfer was to take place—began to run. In any event, regardless of whether Fried demanded performance of the agreement within 30 days of acquiring that stock, it is undisputed that more than 15 years had passed since the time that the agreement was signed before Fried sought to finally effectuate performance of the stock exchange with Duncan, and plaintiffs failed to show that this delay was reasonable given the circumstances of the parties' relationship (*see Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765 [1993]; *see generally Pfuntner v Lyons*, 294 AD2d 947, 948 [2002]). Finally, inasmuch as the initial stock transfer was not completed prior to Duncan's death, Fried was not entitled under the plain language of the agreement's death clause to purchase a controlling interest in Hidden Valley.

Turning to the remaining arguments, we reject plaintiffs' contention that Supreme Court improperly excluded certain evidence under the Dead Man's Statute. That evidentiary rule, codified in CPLR 4519, "disqualifies parties interested in litigation from testifying about personal transactions or communications with deceased . . . persons" in order " 'to protect the estate of the deceased from claims of the living who, through their own perjury, could make factual assertions which the decedent could not refute in court' " (*Poslock v Teachers' Retirement Bd. of Teachers' Retirement Sys.*, 88 NY2d 146, 150-151

[1996], quoting *Matter of Wood*, 52 NY2d 139, 144 [1981]). Here, plaintiffs sought to admit testimony regarding the details of Fried's transactions, interactions, and verbal and written communications with Duncan. In our view, because Fried was an interested party and there is no indication that Duncan's estate waived the protection of the statute, Supreme Court properly sustained defendants' objections pursuant to CPLR 4519 (*see Matter of Wood*, 52 NY2d at 144-146; *Huff v C.K. Sanitary Sys.*, 260 AD2d 892, 895-896 [1999]; *Matter of Buchanan*, 245 AD2d 642, 646 [1997], *lv dismissed* 91 NY2d 957 [1998]). Finally, we agree with defendants that any errors that the court may have made in excluding evidence as subject to attorney-client privilege were harmless under the circumstances of this case.

Plaintiffs' remaining arguments have been considered and found to be lacking in merit.

Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.