■ WILLIAM B. CLARKE, Respondent, v RAFAEL RODRIGUEZ, Appellant. [899 NYS2d 855]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Schmidt, J.), entered April 29, 2009, as, after a nonjury trial, and upon a decision of the same court (Allman, Ct. Atty. Ref.), dated December 11, 2008, is in favor of the plaintiff and against him directing specific performance of the contract.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff submitted secondary evidence of the contents of the original contract of sale in this case, which sufficiently explained "the unavailability of the primary evidence" (Schozer

*v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 644 [1994]; *see Lipschitz v Stein*, 10 AD3d 634, 637 [2004]). The plaintiff established, by a preponderance of the evidence, that the defendant's former attorney, who did not testify at the trial, was in possession of the original contract of sale (*see Glatter v Borten*, 233 AD2d 166, 168 [1996]; *Dependable Lists v Malek*, 98 AD2d 679, 680 [1983]; Prince, Richardson on Evidence §§ 10-209, 10-210 [Farrell 11th ed]).

In reviewing a determination made after a nonjury trial, this Court possesses power "as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts, taking into account [that] in a close case . . . 'the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal citations omitted], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 134 [1930]). Under the particular facts of this case, we decline to disturb the Supreme Court's determination (*see Pyros v Dengel*, 35 AD3d 424, 425 [2006]; *Manzo v Gross*, 19 AD3d 379, 380 [2005]; *Gammal v La Casita Milta*, 5 AD3d 630 [2004]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.