■ BANK OF AMERICA, Appellant, v LUDOVIC M. PETIT et al., Defendants. BLOCK THREE, LLC, Nonparty Respondent. [931 NYS2d 710]—

The plaintiff commenced this action to foreclose a mortgage on certain real property located in Queens County. By judgment of foreclosure and sale dated June 10, 2009, a referee was appointed to conduct the foreclosure sale at a public auction. The judgment of foreclosure and sale provided, inter alia, that after the property was sold, the closing of title would be completed within 30 days unless otherwise stipulated by the parties to the sale. The successful bidder at the March 19, 2010, auction agreed in the terms of sale that he would, among other things, be subject to certain additional provisions (hereinafter the contested provisions) that were not specifically included in the judgment of foreclosure and sale, that the closing would be held on or before April 19, 2010, and that time was of the essence. Thereafter, the successful bidder assigned his bid to the nonparty Block Three, LLC (hereinafter Block).

The closing did not take place by April 19, 2010, and the parties to the bid did not agree to an extension of the time to close, and, therefore, the plaintiff scheduled a new foreclosure sale for June 25, 2010. Block then moved by order to show cause to stay the new sale and, in effect, to remove the contested provisions from the terms of sale on the ground that they varied from the judgment of foreclosure and sale (see Cicorelli v Hickey's Carting, Inc., 66 AD3d 626 [2009]). In support of its motion, Block argued that it was unable to obtain title insurance with respect to the property because of the contested provisions. In opposition, the plaintiff argued that the motion was academic because Block had failed to close within 30 days of the bid, and there

had been no extension of the time to close. The Supreme Court granted that branch of Block's motion which was, in effect, to remove the contested provisions from the terms of sale, and the plaintiff appeals. We reverse.

When a contract states that time is of the essence, the parties are obligated to comply strictly with its terms (*see New Colony Homes, Inc. v Long Is. Prop. Group, LLC*, 21 AD3d 1072, 1073 [2005]). Moreover, where time is of the essence, performance on the specified date is a material element of the contract, and failure to perform on that date constitutes a material breach of the contract (*id.*). As the plaintiff correctly contends, Block breached the terms of sale, as it failed to close title by April 19, 2010, there was no extension of the time to close, and time was of the essence with regard to Block's obligation to close (*cf. U.S. Bank, N.A. v Persaud*, 29 Misc 3d 455 [2010]). Consequently, the Supreme Court erred in granting that branch of Block's motion which was, in effect, to remove the contested provisions from the terms of sale.

In light of our determination, we need not reach the parties' remaining contentions. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.