In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered July 18, 2013, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $130,000.
Ordered that the judgment is affirmed, with costs.
“Upon review of a determination rendered after a nonjury trial, this Court’s authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses” (Otto v Dureja, 113 AD3d 829, 829-830 [2014]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). “[T]he correct standard to be employed at the close of the nonjury trial [is] whether [the] plaintiffs proved their case by a preponderance of the evidence” (ROI, Inc. v Hidden Val. Realty Corp., 45 AD3d 1010, 1011 [2007]; see Clarke v Rodriguez, 73 AD3d 677, 678 [2010]).
Under the particular facts of this case, including that the testimony offered on behalf of the plaintiff was uncontradicted and that the defendants did not object to any of the plaintiff s documentary evidence, we decline to disturb the Supreme Court’s determination (see generally Pyros v Dengel, 35 AD3d 424 [2006]). Furthermore, under the circumstances herein, the defendants’ remaining contention is without merit. Mastro, J.E, Lott, Sgroi and LaSalle, JJ., concur.