Bar v Mandler (2020 NY Slip Op 01592)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Bar v Mandler

2020 NY Slip Op 01592

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-04370
(Index No. 23271/09)

[*1]Arie Bar, respondent, et al., plaintiff,
vYaron Mandler, et al., appellants.

Lewis A. Bartell, Garden City, NY, for appellants.
David Laniado, Cedarhurst, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and tortious interference with contract, the defendants appeal from a judgment of the Supreme Court, Nassau County, dated March 1, 2017. The judgment, upon a decision of the same court (Stephen A. Bucaria, J.), made after a nonjury trial, is in favor of the plaintiff Arie Bar and against the defendants in the total sum of $35,774.
ORDERED that the judgment is affirmed, with costs.
In or about April 2008, the plaintiff Arie Bar and the defendant Yaron Mandler formed the defendant 55BM, LLC, doing business as Best Energy Power (hereinafter Best Energy Power). Best Energy Power was in the business of selling, installing, and servicing solar panels to residential and commercial real estate owners. Bar was the director of operations and installations and Mandler was the director of sales and marketing. The operating agreement provided that each member had an initial membership interest and initial sharing ratio of 50%.
Following a dispute between Bar and Mandler, they signed an agreement on December 30, 2008, to wind up the affairs of Best Energy Power. The agreement detailed five open projects that Bar and Mandler agreed to complete together and provided that they would share any profits therefrom. On or about December 24, 2008, Mandler formed the defendant Best Energy Power, LLC.
In December 2009, this action was commenced against Mandler, Best Energy Power, and Best Energy Power, LLC, inter alia, to recover damages for breach of fiduciary duty and tortious interference with contract. The action proceeded to a nonjury trial, at which the defendants maintained that they were not liable to Bar. After the parties rested, the defendants moved for leave to conform their pleadings to the proof pursuant to CPLR 3025(c), so as to assert a counterclaim to offset any damages award in favor of the plaintiff. The Supreme Court found in favor of Bar and, in effect, denied the defendants' motion pursuant to CPLR 3025(c), determining that the defendants were liable to Bar in the principal sum of $34,524. On March 1, 2014, upon the court's decision, a judgment was entered in favor of Bar and against the defendants in the total sum of $35,774. The defendants appeal.
In reviewing a determination made after a nonjury trial, this Court possesses power "as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts, taking into account [that] in a close case . . . the trial judge had the advantage of seeing the witnesses" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [citations and internal quotation marks omitted]; Ramdhanie v Ramnarain, 116 AD3d 833).
Here, the evidence adduced at trial, including the operating agreement of Best Energy Power, supports the Supreme Court's determination that the defendants were liable to Bar in the principal sum of $34,524. In addition, the court did not improvidently exercise its discretion in, in effect, denying the defendants' posttrial motion for leave to conform their pleadings to the proof. "Applications to amend pleadings are within the sound discretion of the court, and that of the Appellate Division" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; Obstfeld v Thermo Niton Analyzers, LLC, 168 AD3d 1080, 1084). Here, the defendants failed to submit sufficient evidence in support of their proposed counterclaim.
In light of our determination, we need not consider the defendants' remaining contention.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court