**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

June 30, 2020

Richard L. Abbott, Esquire
The Abbot Law Firm
724 Yorklyn Road, Suite 240
Hockessin, DE 19707

Benjamin P. Chapple, Esquire
Reed Smith LLP
1201 N. Market Street, Suite 1500
Wilmington, DE 19801

Locke Beatty, Esquire
McGuireWoods
201 North Tryon Street, Suite 3000
Charlotte, NC 28202

Re: *Triumph Mortgage Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* C.A. No. N19C-02-180 VLM

The Court received the correspondence from Mr. Abbott dated June 29, 2020, confirming that settlement negotiations were unsuccessful and to lift the stay previously requested. As such, the Court has considered Merrill Lynch, Pierce, Fenner & Smith, Inc.'s Motion to Dismiss both as to the breach of contract and negligence claims. For the reasons stated below, the Motion is **DENIED**.

## I. Factual Background

This case involves claims for breach of contract and negligence. As more fully set out in the August 2019 ruling[1], the bases of both claims stem from Merrill Lynch, Pierce, Fenner & Smith, Inc.'s ("Merrill Lynch") failure to disburse funds from its investment account within a reasonable time period. Specifically, Triumph Mortgage Corp. ("Triumph") entered into a "Merrill Lynch Pledged Collateral Account Control Agreement" ("Pledge Agreement") with Merrill Lynch and Kathy

---

[1] *See generally Triumph Mortgage Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, N19C-02-180 VLM, slip op. (Del. Super. Ct. Aug. 7, 2019).

L. Galvin ("Galvin") on February 6, 2002, regarding Galvin's account with Merrill Lynch (the "Account").[2] The Account held assets pledged by Galvin to Triumph to secure a debt where Merrill Lynch was the custodian of the Account. The Pledge Agreement provided that Merrill Lynch would liquidate any assets in the Account and disburse the proceeds without further consent by Galvin and upon written request by Triumph.[3] The Pledge Agreement did not specify a time period for Merrill Lynch's performance.[4] Paragraph 12 of the Pledge Agreement (the "Governing Law Provision") states that "[t]his Agreement and the Account will be governed by the internal law of the State of New York with respect to interpretation and enforcement."[5]

Triumph sent a letter correspondence (the "Written Instructions") to Merrill Lynch on November 2, 2016, instructing it to liquidate the assets in the Account and transfer all proceeds to Triumph.[6] Triumph claims that Merrill Lynch received the Written Instructions on or about November 9, 2016.[7] Approximately twenty-three days later, on December 2, 2016, the New Castle County Sheriff served Merrill Lynch with a Writ of Attachment (the "Writ") by a creditor of Triumph who had obtained a judgment against Triumph in a separate case.[8] Merrill Lynch had not transferred the proceeds to Triumph at that point.[9] Pursuant to the Writ, Merrill Lynch restricted the assets in the Account.[10] Upon a subsequent Superior Court Order, instead of transferring the proceeds to Triumph, Merrill Lynch transferred them instead to the Court.[11]

Triumph asserts a breach of contract claim, alleging that Merrill Lynch breached the Pledge Agreement by (1) failing to liquidate the Account and transfer the proceeds to Triumph within a reasonable time, (2) failing to transfer the proceeds to Triumph despite the Writ because the Writ was legally invalid, and (3) transferring

---

[2] Triumph's Complaint ¶ 4 [hereinafter "Compl."].

[3] Merrill Lynch's Motion to Dismiss [hereinafter "Def.'s Mot."], Exhibit A ¶ 5 [hereinafter "Pledge Agreement"]

[4] *Id.*

[5] *Id.* ¶ 12.

[6] Compl. ¶ 5.

[7] *Id.* ¶ 6.

[8] *Id.* ¶ 9. This other matter is *Mergenthaler v. Triumph Mortg. Corp.*, No. CV 09C-09-203 AML, 2019 WL 6999873, at *4 (Del. Super. Ct. Dec. 20, 2019), *aff'd*, 225 A.3d 721 (Del. 2020), *reargument denied* (Feb. 18, 2020) (granting Triumph's motion to quash the 2016 writ).

[9] *Id.*

[10] *Id.* ¶ 11.

[11] *Id.* ¶ 19.

the proceeds to the Superior Court instead of Triumph.[12] Essentially, Triumph claims that Merrill Lynch should have challenged the validity of the Writ.[13] Triumph also asserts its negligence claim on similar grounds, arguing Merrill Lynch breached its fiduciary and legal duty to (1) liquidate the Account and disburse the proceeds within a reasonable time, and (2) pay the proceeds to Triumph regardless of the Writ because the Writ was not a valid lien or other legal impediment.[14] Triumph's damages include the potential loss of the proceeds as well as attorneys' fees, court costs, and litigation expenses.[15]

## II. Procedural Background

Triumph filed its Complaint on February 20, 2019. Merrill Lynch filed a Motion to Dismiss on April 24, 2019. Triumph premised its breach of contract action on the alleged invalidity of the Writ. During oral arguments heard in the summer of 2019, Merrill Lynch cited to new authority and argued that Triumph could not challenge the validity of the Writ in this proceeding. The Court agreed to give Triumph time to respond and also accepted Triumph's representation that the Delaware Supreme Court was considering issues that could prove relevant in this case. Thus, Merrill Lynch's Motion to Dismiss for breach of contract was stayed pending the Supreme Court's ruling. This Court also requested additional submissions as to the breach of contract claim related to the Writ and as to choice of law issues related to the negligence claim. In September and October of 2019, both parties filed their Opening Supplemental Briefs and respective responses.

On October 29, 2019, Triumph also submitted the Delaware Supreme Court Opinion in *Mergenthaler v. Triumph Mortgage Corp.* dated October 24, 2019 wherein the Supreme Court affirmed in part, and reversed and remanded in part, a Superior Court decision that had denied Triumph's Motion to Quash a Writ of attachment *fieri facias*.[16] On remand, the Superior Court ruled in favor of Triumph.[17]

[12] Comp. ¶¶ 17-19.
[13] *Id.* ¶ 19.
[14] *Id.* ¶¶ 23-24.
[15] *Id.* ¶¶ 20, 26.
[16] *Triumph Mortgage Corp. v. Mergenthaler*, No. 621, 2018, slip op. (Del. Oct. 24, 2019). In so doing, the Supreme Court reversed the Superior Court's decision that applied the *nunc pro tunc* doctrine to give the renewed judgment at issue retroactive effect so as to cure Mergenthaler's procedural mistake, and remanded the case to J. LeGrow for consideration of whether its decision could be applied retroactively.
[17] *Mergenthaler v. Triumph Mortg. Corp.*, No. CV 09C-09-203 AML, 2019 WL 6999873, at *4 (Del. Super. Ct. Dec. 20, 2019), *aff'd*, 225 A.3d 721 (Del. 2020), *reargument denied* (Feb. 18, 2020).

Triumph supplemented its position with the December 2019 ruling in *Mergenthaler v. Triumph* wherein J. LeGrow granted Triumph's Motion to Quash the Writ of Attachment.[18] On January 22, 2020, Merrill Lynch confirmed it did not intend to supplement the record. On January 28, 2020, the Delaware Supreme Court affirmed Judge LeGrow's decision.[19] On January 31, 2020, Triumph supplemented the record with notice of the affirmance.

*Triumph Mortgage Corp. v. Mergenthaler* had a lengthy and complicated procedural history in this Court and on appeal that had an effect on the claims in this matter. The Superior Court, upon reversal and remand, eventually utilized the three-factor balancing *(Chevron)* test to consider the retroactive renewal of judgment, resulting in the granting of Triumph's motion to quash the 2016 writ at issue in that case.[20] This brought about the disbursal of funds on deposit with the Court to Triumph, and reduced the damages amount sought from Merrill Lynch in this matter.[21] As such, On May 21, 2020, the Court contacted counsel asking for an update as to whether a decision was still expected from this Court in light of the Supreme Court's affirmance of the Superior Court's decision in *Mergenthaler v. Triumph.*[22]

On May 22, 2020, Triumph filed a joint request to stay this pending Motion until June 22.[23] On June 29, 2020 Triumph filed a letter with an update on settlement discussions requesting that a decision on Merrill Lynch's Motion to Dismiss be issued.[24] Merrill Lynch has not provided any additional or supplemental response regarding the aforementioned opinions from either the Delaware Supreme Court or J. LeGrow. The issues previously stayed by this Court under Merrill Lynch's Motion to Dismiss are now ripe for review. Now before this Court are the issues of Triumph's: (1) Breach of Contract Claim and (2) Negligence Claim.

---

[18] *Mergenthaler*, 2019 WL 6999873, at *4 (applying *Delaware Acceptance Corp. v. Schatzman*, 2018 WL 526596 (Del. Jan. 23, 2018)).

[19] *Triumph Mortg. Corp. v. Mergenthaler*, 225 A.3d 721, 2020 WL 424588 (Del. Jan. 28, 2020) (TABLE), *reargument denied* (Feb. 18, 2020).

[20] *Mergenthaler*, 2019 WL 6999873, at *4.

[21] *See* Triumph's Letter (Jan. 31, 2020).

[22] *Id.*

[23] *See* Triumph's Letter (May 22, 2020).

[24] *See* Triumph's Letter (June 29, 2020).

## III. Standard of Review

For purposes of a motion to dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[25] Even vague allegations are considered well-pleaded if they give the opposing party notice of a claim.[26] The Court must draw all reasonable inferences in favor of the non-moving party;[27] however, it will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[28] Dismissal of a complaint under Rule 12(b)(6) must be denied if the plaintiff could recover under "any reasonably conceivable set of circumstances susceptible of proof under the complaint."[29]

## IV. Discussion

### A. The Breach of Contract Claim

In August 2019, Merrill Lynch did not persuade the Court that a twenty-three day period of time was reasonable to warrant dismissal, as requested. Although Merrill Lynch relied on *Small Bus. Bodyguard Inc. v. House of Moxie* ("*SBBI*")[30] and *Escobar v. Gonzalez*,[31] these New York cases were decided favorably for those defendants at the summary judgment stage and after an appeal of a trial court order; not under Rule 12(b)(6) consideration.[32] Reasonableness is a fact-intensive legal conclusion that depends on the circumstances of the case. Under New York's fact-intensive inquiry, the Court could not conclude that Merrill Lynch's "delay" was reasonable to justify dismissal. Nothing presented in the supplemental submissions persuade the Court otherwise.

---

[25] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978) (citing *Laventhol, Krekstein, Horwath & Horwath v. Tuckman*, 372 A.2d 168 (Del. 1976)).

[26] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[27] *Id.* (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[28] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (internal citation omitted).

[29] *Spence*, 396 A.2d at 968 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952)).

[30] 230 F.Supp.3d 290, 322 (S.D.N.Y. 2017) (granting summary judgment in part, finding that thirty-seven days was reasonable under the circumstances as a matter of law "given that [the payer] had to deduct fees and expenses from the months revenues before it could distribute profits.")

[31] 717 N.Y.S.2d 27, 28 (N.Y. App. Div. 2000) (reversing the trial court's decision finding that three months was unreasonable where the agreement did not specify a time for performance or time limits).

[32] *See Triumph Mortgage Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, N19C-02-180 VLM, slip op. at 5, n. 30 (Del. Super. Ct. Aug. 7, 2019).

5

Accepting all alleged facts as true and drawing all inference in favor of Triumph, Triumph may recover under a reasonably conceivable set of circumstances susceptible of proof under the Complaint. Thus, Triumph's Complaint sufficiently states a cause of action for breach of contract.

### B. The Negligence Claim

Merrill Lynch argues that Triumph's negligence claim is barred by the economic loss doctrine where the Pledge Agreement governs the parties' relationship and Triumph has only pled economic damages.[33] Triumph argues New York law applies,[34] arguing the economic loss doctrine does not bar the negligence claim because (1) the doctrine only applies to product liability claims and (2) there is an exception for violation of a professional duty[35] under New York law.

And yet, Merrill Lynch also did not fully dispute during oral arguments Triumph's assertion that New York law governs the interpretation and enforcement of the Agreement and the Account.[36] It insists that New York authority also supports its position.[37] Arguing that "th[e] Agreement and the Account will be governed by the internal laws of the State of New York *with respect to interpretation and enforcement*," it asks the Court to find that the narrow choice-of law provision in the Pledge Agreement does not extend to extra-contractual tort claims sounding in negligence and should preclude Triumph from pursuing its claims under New York's economic loss doctrine, or any exception thereof. Accepting all alleged facts as true and drawing all inference in favor of Triumph, the Court cannot accept Merrill Lynch's argument to warrant dismissal.

Merrill Lynch's argument that Triumph's failure to plead the required element of duty as a basis for dismissal is also without merit. The Court accepts that the Complaint sufficiently alleges fiduciary and legal responsibilities against Merrill Lynch. Further, the argument that Merrill Lynch is a bank, and therefore owes no fiduciary duty to a creditor is also not persuasive where Triumph has sufficiently alleged that Merrill Lynch had established more than a banking relationship with Triumph and may have owed it a fiduciary duty, accordingly. Thus, Triumph's

---

[33] Def.'s Mot. ¶¶ 16-18.

[34] Triumph's Response in Opposition to Merrill Lynch's Motion to Dismiss ¶ 7 [hereinafter "Pl.'s Resp."].

[35] *Id.* ¶¶ 8-9.

[36] The Governing Law Provision supports Triumph's assertion. Pledge Agreement ¶ 12 ("This Agreement and the Account will be governed by the internal law of the State of New York with respect to interpretation and enforcement.").

[37] Merrill Lynch's Reply's at 6.

6

Complaint sufficiently states a cause of action for negligence.

## V.  Conclusion

Under Superior Court Civil Rule 12(b)(6), accepting all alleged facts as true and drawing all inference in favor of Triumph, the Court finds that Triumph may recover under a reasonably conceivable set of circumstances susceptible of proof under the Complaint.  Triumph's Complaint sufficiently states a causes of action for both breach of contract and negligence.  For the foregoing reasons, Merrill Lynch's Motion to Dismiss is **DENIED**.

**So Ordered.**

_____
Vivian L. Medinilla
Judge

oc:    Prothonotary

7