Rha v Blangiardo (2020 NY Slip Op 07412)





Rha v Blangiardo


2020 NY Slip Op 07412


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-00883
2018-00884
 (Index No. 700306/15)

[*1]Heung C. Rha, et al., appellants,
v
Alessio Blangiardo, et al., respondents.


Law Offices of T. Stephen Song, P.C., Flushing, NY (Farzad Ramin of counsel), for appellants.
Strazzullo Law Firm, P.C., Brooklyn, NY (Salvatore Strazzullo of counsel), respondent pro se and for respondent Alessio Blangiardo.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) a decision of the Supreme Court, Queens County (Tracy Catapano-Fox, Ct. Atty. Ref.), dated November 21, 2017, and (2) a judgment of the same court entered December 5, 2017. The judgment, insofar as appealed from, upon the decision, made after a nonjury trial, in effect, is in favor of the defendants and against the plaintiffs dismissing the causes of action for specific performance and reasonable attorney's fees.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, the plaintiffs are awarded judgment in their favor on the causes of action for specific performance and reasonable attorney's fees, and the matter is remitted to the Supreme Court, Queens County, for a determination of the amount of reasonable attorney's fees to be awarded to the plaintiffs; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
On October 23, 2014, the plaintiffs, as purchasers, and the defendant Alessio Blangiardo, as seller, entered into a contract for the sale of real property. It is undisputed on appeal that Blangiardo defaulted and breached the subject contract. The plaintiffs commenced this action against Blangiardo and the escrow agent, the defendant Strazzullo Law Firm, P.C., inter alia, to recover damages for breach of contract, for specific performance of the contract, and for an award of reasonable attorney's fees as provided for in the contract. Following a nonjury trial, the Supreme Court awarded judgment in favor of the plaintiffs on the cause of action to recover damages for breach of contract and awarded them the return of their downpayment in the sum of $110,000, and, in effect, dismissed the causes of action for specific performance of the contract and an award of reasonable attorney's fees. The plaintiffs appeal.
Where, as here, a nonjury trial is involved, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; J. D'Addario & Co., Inc. v Embassy Indus., Inc., 83 AD3d 1001, 1002, affd 20 NY3d 113).
The elements of a cause of action for specific performance of a contract for the sale of real property are that the plaintiff substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the defendant was able to convey the property, and that there was no adequate remedy at law (see Finkelstein v Lynda, 166 AD3d 948, 949; McCabe v Witteveen, 34 AD3d 652, 653). Moreover, the buyer must demonstrate that the seller was in default (see Iannucci v 70 Washington Partners, LLC, 51 AD3d 869, 871-872). However, "specific performance will not be ordered where money damages 'would be adequate to protect the expectation interest of the injured party'" (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 415, quoting Restatement [Second] of Contracts § 359[1]). The decision whether to grant or deny the remedy of specific performance lies within the discretion of the court and should not be granted "where it would cause unreasonable hardship or injustice" (McGinnis v Cowhey, 24 AD3d 629, 629 [internal quotation marks omitted]; see Roland v Benson, 30 AD3d 398, 399). Nonetheless, the court's discretion to grant or deny specific performance of a contract for the sale of real property is not unlimited; unless the court finds that granting a decree of specific performance would be a drastic or harsh remedy, or work injustice, the court must direct specific performance (see Alba v Kaufmann, 27 AD3d 816; EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 52).
Here, we agree with the plaintiffs that the trial evidence sufficiently demonstrated their entitlement to specific performance of the subject contract for the sale of real property and that the Supreme Court improvidently exercised its discretion when it effectively denied them this relief. The evidence at trial demonstrated that the plaintiffs substantially performed their contractual obligations and were ready, willing, and able to perform their remaining obligations, that Blangiardo was able to convey the property, that there was no adequate remedy at law, and that granting specific performance to the plaintiffs would not be a drastic or harsh remedy, or work injustice against Blangiardo (see Herbst v 1514 Eastern Parkway, Ltd., 46 AD3d 751; Goldstein v Held, 37 AD3d 657). Accordingly, the court improvidently exercised its discretion when it effectively denied the plaintiffs the relief of specific performance of the contract.
We also agree with the plaintiffs that they should have been awarded reasonable attorney's fees against Blangiardo pursuant to the provision in the contract stating that in the event litigation arises out of the contract, the prevailing party is entitled to recover reasonable attorney's fees from the losing party (see generally Hooper Assocs. v AGS Computers, 74 NY2d 487, 491; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5). Accordingly, we remit the matter to the Supreme Court, Queens County, for further proceedings to determine the amount of reasonable attorney's fees to be awarded to the plaintiffs.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court