Wells Fargo Home Mtge., Inc. v Peterson (2024 NY Slip Op 03842)

Wells Fargo Home Mtge., Inc. v Peterson

2024 NY Slip Op 03842

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-03804
 (Index No. 49212/01)

[*1]Wells Fargo Home Mortgage, Inc., etc., respondent,
v
Noel Peterson, etc., et al., defendants; Shalom Minsky, et al., nonparty-appellants.

Avi Rosengarten, Brooklyn, NY, for nonparty-appellants.
Reed Smith LLP, New York, NY (Andrew B. Messite and Michael V. Margarella of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparties Shalom Minsky and 3116 Avenue I, LLC, appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 8, 2022. The order, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were to declare that nonparty 3116 Avenue I, LLC, the successful bidder at a judicial sale of the property foreclosed upon, defaulted on the terms of sale and that the plaintiff was entitled to retain the down payment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 12, 2019, pursuant to an order and judgment of foreclosure and sale, a referee conducted an auction sale of certain real property located in Brooklyn. The successful bidder, nonparty 3116 Avenue I, LLC (hereinafter the purchaser), made a down payment equal to 10% of the purchase price. After the purchaser failed to close on the original and the adjourned closing dates, the plaintiff moved, inter alia, to declare that the purchaser defaulted on the terms of sale and that the plaintiff was entitled to retain the down payment. The Supreme Court, in effect, granted those branches of the plaintiff's motion. The purchaser and nonparty Shalom Minsky (hereinafter together the appellants), its principal, appeal.
The appellants' contention that the purchaser did not default on the terms of sale because the plaintiff could not deliver insurable title is without merit. Neither the order and judgment of foreclosure and sale, which confirmed the referee's report, nor the terms of sale and memorandum of sale stated that the purchaser was to be provided with insurable title (see Bank of Am. v Petit, 89 AD3d 652).
Contrary to the appellants' contention, the Supreme Court did not violate Administrative Order 262/21 of the Chief Administrative Judge of the Courts by failing to hold a conference. A conference was not required because the order and judgment of foreclosure and sale had already been executed when Administrative Order 262/21 took effect.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court