Thuro Metal Prods., Inc. v Farber Indus., LLC (2025 NY Slip Op 05838)

Thuro Metal Prods., Inc. v Farber Indus., LLC

2025 NY Slip Op 05838

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2021-08975
 (Index No. 615851/17)

[*1]Thuro Metal Products, Inc., et al., respondents,
v
Farber Industrial, LLC, appellant.

Scheyer & Stern, LLC, Nesconset, NY (Fredrick P. Stern of counsel), for appellant.
Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated November 8, 2021. The judgment, insofar as appealed from, after a nonjury trial, and upon a corrected decision of the same court dated October 21, 2021, is in favor of the plaintiffs and against the defendant on the cause of action for specific performance of the contract and directing specific performance of that contract.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On February 29, 2016, the plaintiff Thuro Metal Products, Inc. (hereinafter Thuro), and the defendant entered into a contract of sale whereby the defendant agreed to sell a parcel of real property with an industrial building for $1,500,000. The contract provided for a closing on or about April 30, 2016, and Thuro had 45 days from February 29, 2016, to obtain a mortgage commitment. Following an environmental review, which was permitted under the terms of the contract, environmental remediation work was required at the property. In connection with that work, the parties entered into a license agreement that allowed Thuro to complete the remediation work at its own expense and provided that the contract of sale remained in full force and effect. The parties also entered into an amendment to the contract of sale on January 12, 2017, which extended the closing date of "on or about" April 30, 2016, to "on or about" March 31, 2017, and changed the purchaser to the plaintiff Brentwood Real Property, LLC (hereinafter Brentwood). On July 13, 2017, the defendant's attorney advised counsel for Thuro and Brentwood that the defendant was cancelling the contract.
Thereafter, Thuro and Brentwood commenced this action, inter alia, for specific performance of the contract. The matter proceeded to a nonjury trial. By corrected decision dated October 21, 2021, the Supreme Court, inter alia, found in favor of Thuro and Brentwood on the cause of action for specific performance of the contract. The court then issued a judgment in favor of Thuro and Brentwood and against the defendant, inter alia, directing specific performance of the contract. The defendant appeals.
In reviewing a determination made after a nonjury trial, the power of this Court "'is [*2]as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts,'" taking into account that in a close case, the trial judge had the advantage of seeing the witnesses (Pyros v Dengel, 35 AD3d 424, 425 [internal quotation marks omitted], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
A party seeking specific performance of a contract for the sale of real property is required to establish not only that it was ready, willing, and able to close on the scheduled closing date, but also that the other party was in default (see Guzman v Ramos, 239 AD3d 953, 954; Latora v Ferreira, 102 AD3d 838, 839; Nehmadi v Davis, 63 AD3d 1125, 1128). Here, the Supreme Court's determination in favor of Thuro and Brentwood on the cause of action for specific performance of the contract of sale, which the defendant purportedly canceled due to, inter alia, the failure to obtain a final mortgage commitment within 45 days of the date of the original contract, was warranted by the facts. The defendant's conduct during the extensive period of delay as the environmental remediation process was occurring evinced a waiver of the defendant's contractual right to cancel the contract (see Kaufman v Haverstraw Rd. Lands, 158 AD2d 675, 675-676; Gresser v Princi, 128 AD2d 752). Further, Thuro and Brentwood established that Brentwood was ready, willing, and able to close and that the defendant willfully defaulted (see Rha v Blangiardo, 189 AD3d 1098, 1099; see also TZ Vista, LLC v Helmer, 235 AD3d 691).
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court