70-35 113th St. Holdings, LLC v Auberge Grand Cent., LLC

2026 NY Slip Op 01932

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

70-35 113th St. Holdings, LLC, appellant,

v

Auberge Grand Central, LLC, respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2020-09425, (Index No. 707503/15)

Linda Christopher, J.P.

William G. Ford

Barry E. Warhit

Helen Voutsinas, JJ.

Lonuzzi & Woodland, LLP (John Lonuzzi and Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.

Mintz & Gold LLP, New York, NY (Steven G. Mintz, Scott A. Klein, and Terence W. McCormick of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leonard Livote, J.), dated December 15, 2020. The judgment, insofar as appealed from, after a nonjury trial, is in favor of the defendant Auberge Grand Central, LLC, and against the plaintiff dismissing the complaint insofar as asserted against the defendant Auberge Grand Central, LLC.

ORDERED that the judgment is affirmed insofar as appealed from, with costs.

In January 2014, the plaintiff was the successful bidder at a foreclosure auction of the subject real property. The terms of sale dated January 10, 2014, made time of the essence as to the plaintiff. However, the plaintiff did not have sufficient funds and was unable to obtain financing, and thus, was unable to close on the property despite multiple adjournments of the closing date. The defendant Auberge Grand Central, LLC (hereinafter Auberge), which was also the plaintiff in the foreclosure action, was ultimately the successful bidder at a second foreclosure auction held in August 2014. The plaintiff commenced this action for specific performance of the terms of sale for the property or, in the alternative, to recover damages for breach of contract. After a nonjury trial, the Supreme Court issued a judgment, inter alia, in favor of Auberge and against the plaintiff dismissing the complaint insofar as asserted against Auberge. The plaintiff appeals from so much of the judgment as dismissed the complaint insofar as asserted against Auberge.

The elements of a cause of action for specific performance of a contract for the sale of real property are that the plaintiff substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the defendant was able to convey the property, and that there was no adequate remedy at law (see Kugel v Reynolds, 228 AD3d 743, 748; Treasure Is. of Asbury Park Self-Storage, LLC v MBAR Realty, LLC, 216 AD3d 1200, 1203; Rha v Blangiardo, 189 AD3d 1098, 1099). A party seeking specific performance of a contract for the sale of real property is required to establish not only that it was ready, willing, and able to close on the scheduled closing date, but also that the other party was in default (see Treasure Is. of Asbury Park Self-Storage, LLC v MBAR Realty, LLC, 216 AD3d at 1203; 141 Park Ave. Realties, Inc. v 141 Park Ave. Holdings, LLC, 216 AD3d 881, 883; Rha v Blangiardo, 189 AD3d at 1099). The decision [*2]whether to grant or deny the remedy of specific performance lies within the sound discretion of the court (see Rha v Blangiardo, 189 AD3d at 1099; Cho v 401-403 57th St. Realty Corp., 300 AD2d 174, 175).

When a contract for the sale of real property contains a provision that time is of the essence, the parties are obligated to comply strictly with its terms (see Bank of Am. v Petit, 89 AD3d 652, 653), and the parties bound by that clause must tender performance on the law day unless the time for performance has been extended by mutual agreement (see 184 Joralemon, LLC v Brklyn Hts Condos, LLC, 117 AD3d 699, 702). Where time is of the essence, performance on the specific date is a material element of the contract, and failure to perform on that date constitutes a material breach of the contract (see id.; Bank of Am. v Petit, 89 AD3d at 653; Kaiser-Haidri v Battery Place Green, LLC, 85 AD3d 730, 733).

Here, the Supreme Court properly dismissed the complaint insofar as asserted against Auberge. At trial, the plaintiff failed to establish that it was entitled to specific performance of the terms of sale for the property. Pursuant to the terms of sale, time was made of the essence as to the plaintiff. After four adjournments at the plaintiff's request, the plaintiff and Auberge entered into a written stipulation dated May 5, 2014, under which they agreed that the closing would be adjourned to May 29, 2014, with time being of the essence as to the plaintiff. The evidence at trial demonstrated that the plaintiff did not substantially perform its contractual obligations and was not ready, willing, and able to perform its remaining obligations, as the plaintiff did not appear at the May 29, 2014 closing and did not have the necessary financing in place at that time. Because time was made of the essence in the terms of sale, no separate notice of an intent to declare a default was necessary (cf. Nehmadi v Davis, 63 AD3d 1125; Guippone v Gaias, 13 AD3d 339). Moreover, the plaintiff was collaterally estopped from relitigating the issue of its default in closing, as that issue was raised in an action brought by Wing Fung Chau, on behalf of the plaintiff, and was decided against the plaintiff after a full and fair opportunity to contest that issue in that action (see Simmons v Trans Express Inc., 37 NY3d 107, 112; Buechel v Bain, 97 NY2d 295, 303; Caminero v Michael Flynn, Esq., PLLC., 239 AD3d 818). In addition, the plaintiff failed to demonstrate that Auberge was in default under the terms of sale.

Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Auberge.

CHRISTOPHER, J.P., FORD, WARHIT and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court